Paul J. HANNON, Plaintiff,

v.

CONTINENTAL NATIONAL BANK and Western Bancorporation, Defendants.

Civ. A. No. 76–F–930.

United States District Court,
D. Colorado.

Feb. 9, 1977.

---

David H. Drennen, Denver, Colo., for plaintiff.

E. Lee Dale, Dawson, Nagel, Sherman & Howard, Denver, Colo., for defendants.

## ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE

SHERMAN G. FINESILVER, District Judge:

This matter arises on a Motion to Dismiss or for Summary Judgment, filed by Defendant Western Bancorporation on October 12, 1976, and on a Motion to Strike Plaintiff's claims for compensatory and punitive damages, for jury trial on all issues, and for damages resulting from alleged intentional or reckless infliction of emotional distress, filed by Defendant Continental National Bank together with its Answer on October 12. Plaintiff filed this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, for reinstatement, back pay, exemplary damages, liquidated damages, attorney fees, and costs, and for compensatory damages under a state claim of intentional infliction of emotional distress. We grant both motions.

### I.

Plaintiff admits that he did not name Western Bancorporation [1] until September 1, 1976 in a notice of intent to file

1. A bank holding company which controls, or owns entirely, Defendant Continental National Bank.

suit. This suit was filed only twenty days later, naming Western Bancorporation as a defendant. Because of the importance of providing the Secretary of Labor with an opportunity to undertake conciliatory measures, 29 U.S.C. § 626(d) explicitly provides that "[n]o civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action." This requirement has been held to be a mandatory, jurisdictional prerequisite to the filing of an ADEA suit. *Eklund v. Lubrizol Corp.*, 529 F.2d 247 (6th Cir. 1976); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975); *Goger v. H. K. Porter, Inc.*, 492 F.2d 13 (3d Cir. 1974). Therefore, Defendant Western Bancorporation must be dismissed from this suit. We note that Plaintiff's ability to obtain relief under the ADEA from Defendant Continental National Bank, his employer, is not in any way prejudiced by this dismissal.

### II.

In order to determine whether an award of compensatory or punitive damages is permissible in this case, we must examine the enforcement provisions of the ADEA, 29 U.S.C. § 626(b) and (c):

(b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: Provided, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the pur-

poses of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.

We believe that the purposes of the ADEA are virtually identical to those for remedying discrimination in employment under Title VII, 42 U.S.C. § 2000e, *et seq.* *See* 29 U.S.C. § 621(b). This Court has held that compensatory and punitive damages are unavailable under Title VII. *Alexander v. Consolidated Freightways Co.*, 421 F.Supp. 450 (D.Colo., 1976); *Carreathers v. Alexander*, No. C–5082 (D.Colo., Dec. 11, 1974). The possibility of receiving a large monetary award for pain and suffering, or for willful conduct by an employer, would substantially impair the conciliation process. *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834, at 841–842 Nos. 76–1114 and 1115 (3d Cir., Jan. 20, 1977). An award of general punitive or compensatory damages will not effectuate the conciliatory purposes of the ADEA.

Unlike § 812(c) of the Civil Rights Act of 1968 (Fair Housing), 42 U.S.C. § 3612(c), which contemplates an award of punitive damages up to $1,000, § 626(b) does not mention punitive damages, nor does it refer to any section of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, which permits a general award of punitive damages. However, § 626(b) specifically pro-

vides for discretionary payment of liquidated damages in cases of "willful violations." "[I]f Congress had intended the allowance of punitive in addition to 'liquidated damages', it would have written it into the Act, just as it did in § 812 of the Civil Rights Act of 1968, 42 U.S.C. § 3612." *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1336 (E.D.Pa.1976).

■ The provision for liquidated damages in § 626(b) refers to § 16(b) of the FLSA, which provides for a mandatory award of liquidated damages in an amount equal to the unpaid minimum wages or unpaid overtime compensation. § 626(b) makes such award applicable only in the event of a willful violation. The provision for liquidated damages operates as a penalty, and is a legislative substitute for any other type of punitive damages. No other punitive remedy is appropriate under the ADEA. We note that Congress specifically excluded the punitive relief of § 16(a) of the FLSA from the ADEA. Therefore, Plaintiff is not entitled to any form of punitive damages beyond his claim for liquidated damages.

### III.

■ The issue of whether to accept jurisdiction of a state tort action for intentional infliction of emotional distress or loss of reputation in the community is discretionary with the court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). We decline to accept jurisdiction of such state causes of action in this case. Our adjudication of such state claims would circumvent the scope of the remedies available under the federal cause of action, and subvert the policies of excluding damages for emotional distress under the ADEA.

### IV.

Courts have divided on the issue of the availability of a jury trial under the provisions of the ADEA. *Rogers, supra, Bertrand v. Orkin Exterminating Co., Inc.*, 419 F.Supp. 1123 (N.D.Ill.1976), *Murphy v. American Motors Sales Corp.*, 410 F.Supp. 1403 (N.D.Ga.1976), *Cleverly v. Western Electric Co.*, 69 F.R.D. 348 (W.D.Mo.1975), and *Chilton v. National Cash Register Co.*, 370 F.Supp. 660 (S.D.Ohio 1974) have held that a jury trial is required for certain issues under the ADEA. *Morelock v. National Cash Register Corp.*, 546 F.2d 682, 14 F.E.P. Cases 65 (6th Cir. 1976) and *Pons v. Lorillard*, 69 F.R.D. 576 (M.D.N.C.1976) have decided that a jury trial is not warranted for any issue under the ADEA. *Platt v. Burroughs Corp., supra*, initially determined that the Seventh Amendment did not require a jury trial for ADEA issues, but reversed itself after the Third Circuit's decision in *Rogers, supra*, was filed. This issue has not yet been raised in the Tenth Circuit.

Neither the terms of the ADEA nor its legislative history express or imply any Congressional intent to have ADEA actions tried by a jury. *See* 1967 *U.S.Code: Congressional and Administrative News* 2213–2227. Therefore, the issue of whether a jury is required on demand in ADEA actions must be decided by an interpretation of the Seventh Amendment of the United States Constitution, and by an examination of court procedures under related statutes.

We begin by considering the implications of *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), which held that the Seventh Amendment applies with equal strength to the enforcement of statutory and common law legal rights and remedies. *Id.* at 194, 94 S.Ct. 1005. Earlier, the Supreme Court had decided that the applicability of the Seventh Amendment depends upon the nature of each claim for relief:

Under those cases [*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)], where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims. The Seventh Amendment ques-

tion depends on the nature of the issue to be tried rather than the character of the overall action.

*Ross v. Bernhard*, 396 U.S. 531, 537, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Therefore, we must consider the application of the Seventh Amendment with respect to each claim for relief in this case.

■ The claims for relief that we have determined properly lie in this suit under the ADEA are those for reinstatement, back pay, and liquidated damages. A claim for reinstatement is clearly equitable, and only one court has determined that a claim for liquidated damages under the ADEA requires determination by a jury upon the demand of a party. *Cleverly v. Western Electric Co.*, supra at 352, did so on the ground that "liquidated damages are merely an additional form of relief for the 'legal' action to recover back pay."

■ The provision for liquidated damages under § 626(b) was modeled upon the liquidated damages provision of § 16(b) of the FLSA, and is to be interpreted in the light of that statute. There is no right to jury trial on the issue of liquidated damages under § 16(b). *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 227 (7th Cir. 1972); *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971). Therefore, a jury trial is not required on the issue of liquidated damages under § 626 of the ADEA. See *Chilton v. National Cash Register Co.*, supra at 666, which held that a plaintiff has the right to a jury trial on the issue of lost wages and benefits, but not on the issue of liquidated damages.

The only issue upon which Plaintiff arguably has a right to a jury trial is that of back pay. This has been the most troublesome issue for courts that have dealt with the jury trial problem under the ADEA. Those courts that have permitted a jury trial on this issue have done so on the ground that § 626 speaks of "legal and equitable" relief. *See, e. g., Bertrand, supra* at 1130–1131; *Murphy, supra* at 1406; *Cleverly, supra* at 351. They have contrasted this provision with that of Title VII, 42 U.S.C. § 2000e–5(g), which only speaks of

"other equitable relief," although it specifically provides for an award of back pay:

the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate.

Further, these courts have pointed out that plaintiffs are entitled to a jury trial in suits for back pay under § 16(b) of the FLSA, upon which the enforcement provisions of the ADEA are modeled. *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965); *see Rogers, supra* at 838–839.

Courts that have denied a jury trial on the issue of back pay under the ADEA have analogized the remedies available thereunder to those available under Title VII. "Back pay in Title VII cases is considered a form of restitution, not an award of damages. Since restitution is an equitable remedy a jury is not required for the award of back pay." *EEOC v. Detroit Edison Co.*, 515 F.2d 301, 308 (6th Cir. 1975); *see Slack v. Havens*, 522 F.2d 1091 (9th Cir. 1975); *Robinson v. Lorillard Corp.*, 444 F.2d 791 (4th Cir. 1971), *cert. denied*, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1972). *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969). These cases have held that an award of back pay is an integral part of the equitable relief available under Title VII, and does not require a jury trial on demand.

*Curtis v. Loether*, supra 415 U.S. at 196–197, 94 S.Ct. at 1010, contrasted Title VII with § 812 of the Civil Rights Act of 1968, under which the Court held that the Seventh Amendment requires a jury trial on demand:

In Title VII cases the courts of appeals have characterized back pay as an integral part of an equitable remedy, a form of restitution. But the statutory language on which this characterization is based . . . contrasts sharply with § 812's simple authorization of an action

for actual and punitive damages. In Title VII cases, also, the courts have relied on the fact that the decision whether to award back pay is committed to the discretion of the trial judge. There is no comparable discretion here: if a plaintiff proves unlawful discrimination and actual damages, he is entitled to judgment for that amount. Nor is there any sense in which the award here can be viewed as requiring the defendant to disgorge funds wrongfully withheld from the plaintiff. Whatever may be the merit of the 'equitable' characterization in Title VII cases, there is surely no basis for characterizing the award of compensatory and punitive damages here as equitable relief.

In this passage, the Supreme Court strongly implied its approval of trials to the court in Title VII cases. We believe that the remedial provisions and purposes of the ADEA are closer to those of Title VII than to those of the Fair Housing Act. Further, it is clear that an award of monetary relief does not necessarily require a jury trial. *Curtis, supra* at 196, 94 S.Ct. 1005.

*Curtis* found it most significant, for purposes of the Seventh Amendment, that the relief sought under the Fair Housing Act involved an award of punitive and compensatory damages. Under the Fair Housing Act, punitive damages, as well as damages resulting from emotional distress or humiliation, are contemplated. 42 U.S.C. § 3612(c); *Steele v. Title Realty Co.*, 478 F.2d 380 (10th Cir. 1973). We have held, however, that neither punitive damages nor damages resulting from pain and suffering may be awarded under the ADEA. Were we to have held that punitive and compensatory damages are consistent with the purposes of the ADEA, we would deny the motion to strike a jury trial. However, the purpose of an award of back pay under the ADEA is principally restitutionary and, as in Title VII cases, secondarily a deterrent. The nature of the back pay award under the ADEA is the same as that under Title VII, and is an integral part of any equitable relief:

> The Supreme Court's decision in *Curtis* lends impetus towards a different result. Because a claim for monetary damages is not always legal, there is not necessarily a mixed claim at law and equity in an action for injunctive reinstatement and lost wages. What confronts the Court here is not a mixed claim, but a single cause of action which must be characterized as either legal or equitable. If the claim for lost wages is an integral part of an equitable remedy of reinstatement, then it makes no difference that monetary damages are involved.

*Pons v. Lorillard, supra* at 578.

We agree with the Court's argument in *Pons, supra* at 578–579, that it would be absurd to hold that merely because of the addition of the word, "legal," in § 626, actions for back pay under the ADEA are legal, while actions for the same relief under Title VII are equitable. We decline to follow such talismanic statutory interpretation, in the absence of a clear directive from the legislature regarding the availability of a jury trial.

*Rogers, supra* and *Chilton, supra*, both involved actions under the ADEA where the only remedy sought was that of monetary damages.[2] Both these cases permitted jury trials on the issue of back pay. The issue of whether a jury trial would be required in such a case is not directly before the court at this time. However, given the directive of the Supreme Court in *Ross v. Bernhard, supra*, that we must regard each issue individually, we question the viability of a distinction, for purposes of deciding whether a jury trial is warranted on the issue of back pay, between those cases under § 626 where back pay alone is asked for, and those cases where a prayer for back pay is joined with a demand for reinstatement. In either case, an award of back pay is restitutionary, and therefore equitable, in nature. The use of the term, "legal," does

---

2. A prayer for monetary relief is not always sufficient to invoke the Seventh Amendment. *Curtis*, supra 415 U.S. at 196, 94 S.Ct. 1005.

not operate to change the central purposes of the ADEA.

We find it significant that § 626 does not mandate an award of damages, but leaves it to the court to determine what relief would most effectuate the purposes of the ADEA:

> The scope of power and the degree of discretion vested in the Court by these provisions parallel that provided the Court in actions pursuant to 29 U.S.C. § 217 and 42 U.S.C. § 2000e–5. Such discretion and power have been important factors in the characterization of an action as being equitable in nature.

*Morelock, supra* 546 F.2d at 689. §§ 626(b) and (c) leave it to the court to decide whether an award of back pay (and liquidated damages) is appropriate in any action under the ADEA.[3] Contrary to the opinion of the Third Circuit, *Rogers, supra* at 838, we believe that an award of back pay under the ADEA is just as discretionary and equitable as an award of back pay under Title VII:

> given a finding of unlawful discrimination, back pay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination.

*Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975).

While actions under § 16(b) of the FLSA have been held to require a jury trial upon demand,[4] such actions are for damages alone. Because there is no provision for any equitable relief under § 16(b), an action for reinstatement and back pay may be more analogous to § 17 of the FLSA than to § 16(b), for purposes of determining the applicability of the Seventh Amendment to prayers for back pay under the ADEA. Under § 17, the Secretary of Labor may enjoin violations of the FLSA and compel employers to pay their employees monetary compensation that was unlawfully withheld from them, in violation of the FLSA. It is settled that actions under § 17 of the FLSA do not require a jury trial upon demand. *Sullivan v. Wirtz,* 359 F.2d 426 (5th Cir.), cert. denied, 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966); *Wirtz v. Jones, supra*; *Hodgson v. Stewart In-Fra-Red Commissary, Inc.,* 370 F.Supp. 503 (E.D.Pa.1973); *Wirtz v. Gibson Products Co.,* 275 F.Supp. 86 (D.Okla.1967). Similarly an action for back pay under the ADEA is not a "routine contract action" for the collection of a debt, *Rogers, supra* at 838. Rather, it is an action undertaken partly in the public interest to deter discrimination in employment, and to obtain funds that were not paid as a result of an employer's unlawful conduct, in violation of the ADEA. Violations of § 17 of the FLSA and of § 626 of the ADEA are both considered to be violations of § 15 of the FLSA.

In summary, we hold that whether an action under the ADEA is analogized to one under the FLSA or to one under Title VII, a jury trial on demand is not required. General punitive and compensatory damages cannot be obtained under § 626. Further, the ADEA does not permit a jury trial on the issue of liquidated damages, which remedy was derived from the example of § 16(b) of the FLSA. Nor, by analogy to Title VII and to § 17 of the FLSA, does § 626 authorize a jury trial on the issue of back pay, which is principally a restitutionary, equitable remedy for purposes of the ADEA. The discretion given to the court under § 626 to determine the appropriate remedies in each case for effectuating the purposes of the ADEA also makes a jury trial inappropriate. Finally, it would be anomalous to hold that a jury trial is re-

---

**3.** We also note that it is in the interest of uniformity of case law that a court decide when back pay is appropriate under the ADEA.

**4.** *Jackson v. Airways Parking Co.,* 297 F.Supp. 1366, 1383–1384 (N.D.Ga.1969) held that a mixed issue of fact and law under § 16(b) was not "readily susceptible of jury determination," and therefore did not require a jury trial.

quired to remedy age discrimination in employment, but not to remedy discrimination in employment based on race, sex, national origin, and religion.

### V.

ACCORDINGLY, it is hereby ORDERED that Western Bancorporation's Motion to Dismiss is GRANTED. It is further ORDERED that Defendant Continental National Bank's Motion to Strike Plaintiff's claims for compensatory and punitive damages, for jury trial, and for damages allegedly resulting from the intentional infliction of emotional distress, is GRANTED.