Lorraine SEIDEL, Plaintiff,

v.

CHICAGO SAVINGS AND LOAN ASSO-
CIATION, and Chicagoland Service
Corporation, Defendants.

No. 82 C 0690.

United States District Court,
N. D. Illinois, E. D.

July 21, 1982.

Barry A. Gomberg, Abrams, Gomberg &
Reese, Ltd., Chicago, Ill., for plaintiff.

William M. O'Reilly, Edwin C. Thomas,
Bell, Boyd & Lloyd, Chicago, Ill., for de-
fendants.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Lorraine Seidel ("Seidel") was
employed by defendants Chicago Savings
and Loan Association and Chicagoland Ser-
vice Corporation from 1958 until she was
involuntarily discharged on December 29,

1980. Following her discharge, Seidel filed a complaint with the Equal Employment Opportunity Commission alleging age and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* She was unsuccessful before the EEOC and after she received a right to sue letter from that agency dated November 6, 1981, filed the instant action seeking declaratory, injunctive and monetary relief under the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3), and 1988; the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1978, 29 U.S.C. §§ 621 *et seq.*; and the Thirteenth and Fourteenth Amendments to the Constitution. Jurisdiction is asserted pursuant to 28 U.S.C. § 1343.[1]

This matter is presently before the Court on defendants' motion for partial summary judgment with respect to a number of Seidel's claims for relief under the Civil Rights Acts and the Constitution.[2] In addition, defendants have moved for an award of attorney's fees under 42 U.S.C. § 1988 and to dismiss the prayers for compensatory and punitive damages and damages for mental distress sought in connection with the Title VII and ADEA claims. For the reasons set forth below, defendants' motion will be granted in all respects except insofar as the claim for attorney's fees is concerned. That matter will be taken under advisement until the conclusion of this case.

■ Defendants challenge Seidel's claims under 42 U.S.C. § 1981 and the thirteenth amendment on the ground that a necessary ingredient of a cause of action under either the statute or the amendment it was intended to implement is a claim of race discrimination, *Runyon v. McCrary*, 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976), which is wholly absent from Seidel's complaint. It is clear that allegations of age and sex discrimination fall outside the scope of section 1981 or the thirteenth amendment. *Kodish v. United Air Lines, Inc.*, 628 F.2d 1301, 1303 (10th Cir. 1980); *Movement For Opportunity & Equality v. General Motors Corp.*, 622 F.2d 1235 (7th Cir. 1980). Since Seidel has not and cannot allege race discrimination under the facts set forth in the complaint, her claims under the thirteenth amendment and section 1981 must fail.

■ Seidel's claims under 42 U.S.C. § 1983 and the fourteenth amendment must also fail for lack of an allegation of state action. It is beyond dispute that "unless the requisite state involvement has been alleged, the complaint does not state a claim actionable under Section 1983." *Cohen v. Illinois Institute of Technology*, 524 F.2d 818, 823 (7th Cir. 1975), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976); *Johnson v. Brelje*, 482 F.Supp. 125, 130 (N.D.Ill.1979). Similarly, "[t]he provisions of the Fourteenth Amendment of the Constitution ... all have reference to state action exclusively, and not to any action of private individuals." *Virginia v. Rives*, 100 U.S. 313, 318, 25 L.Ed. 667 (1879). Here, Seidel has not even attempted to allege the existence of any state action in connection with her claims of age and sex discrimination. Moreover, even if state action had been alleged on the basis of defendants' status as a chartered corporation, that would not have been sufficient to state a claim for relief. *Cohen v. Illinois Institute of Technology, supra*, 524 F.2d at 824–25.

■ In the Court's view, Seidel's claim under 42 U.S.C. § 1985(3) is controlled by

---

1. Seidel also asserted jurisdiction pursuant to 29 U.S.C. § 151 but that section has no application to the instant case.

2. Although defendants' motion is styled as a motion for partial summary judgment on the pleadings pursuant to Rule 12(c), it will be treated as a motion to dismiss for failure to state a claim upon which relief may be granted since the Court need not consider matters outside the pleadings in order to resolve it. It is clear that a court may consider a motion raising the defense of failure to state a claim even after an answer is filed so long as the defense was previously raised in the answer as it was in the case at bar. *See Royal Globe Insurance Co. v. Logicon, Inc.*, 487 F.Supp. 1245, 1247 n.6 (N.D.Ill.1979); *Jennings Oil Co. v. Mobil Oil Corp.*, 80 F.R.D. 124, 127 (S.D.N.Y.1978).

the Supreme Court's decision in *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). In that case, the Court held that section 1985 may not be invoked to redress violations of Title VII. 442 U.S. at 378, 99 S.Ct. at 2352. *See also* Justice Powell's concurring opinion, 422 U.S. at 379, 99 S.Ct. at 2352. *Cf. Melmuka v. Northern Trust Co.*, 27 FEP Cases 1653, 1655 (N.D.Ill.1981); *Lyon v. Temple University*, 507 F.Supp. 471, 478–79 (E.D.Pa. 1981) (no remedy under section 1985(3) for alleged violation of ADEA or Equal Pay Act). Even if *Novotny* does not completely settle the question, under the circumstances presented in the instant case,[3] Seidel's section 1985 claim fails for a more basic reason in that she has failed to allege the existence of a conspiracy, the crux of a valid claim under that section of the Civil Rights Act of 1871. *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972). Moreover, we have strong doubts as to whether an intracorporate conspiracy of the type that would be involved in this case, even if it were alleged, would satisfy the requirements of section 1985(3). *See Johnson v. Brelje, supra*, 482 F.Supp. 125; *Bianco v. American Broadcasting Company*, 470 F.Supp. 182 (N.D.Ill. 1979). Accordingly, Seidel's section 1985 claim must be dismissed.

■ Although Seidel's complaint asserts a cause of action under 42 U.S.C. § *1998*, the Court assumes that is a typographical error and that she intended to assert a cause of action under § *1988*. That section of the Civil Rights Act, however, merely instructs federal courts as to what law to apply in cases arising under the federal civil rights acts. It creates no substantive rights *per se*. *Harding v. American Stock Exchange, Inc.*, 527 F.2d 1366 (5th Cir. 1975); *Baker v. F & F Investments*, 420 F.2d 1191

(7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49 (1970). Furthermore, inasmuch as the Court has indicated that it will dismiss all of Seidel's substantive claims under other sections of the civil rights acts for other reasons, that portion of section 1988 authorizing an award of attorney's fees to the prevailing party under the civil rights laws is inapplicable as far as Seidel is concerned.

■ Finally, the weight of authority clearly holds that neither Title VII nor the ADEA afford relief in the form of either punitive or compensatory damages, even for mental anguish.[4] *DeGrace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir. 1980); *Stevenson v. J. C. Penney Co.*, 464 F.Supp. 945, 948 (N.D.Ill. 1979); *Plummer v. Chicago Journeyman Plumbers' Local Union No. 130*, 452 F.Supp. 1127, 1140 (N.D.Ill.1978), *reversed on other grounds*, 657 F.2d 890 (7th Cir. 1981). Furthermore, in view of the fact that this is not a class action, nor does Seidel seek reinstatement for herself, her prayer for injunctive relief will be stricken as well. *Muller v. United States Steel Corp.*, 509 F.2d 923, 930 (10th Cir. 1975), *cert. denied*, 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). *See also Meyer v. Brown & Root Construction Co.*, 661 F.2d 369, 374 (1st Cir. 1981).

Accordingly, defendants' motion to dismiss certain portions of Seidel's complaint and prayer for relief is granted. Defendants' motion for attorneys' fees under 42 U.S.C. § 1988 will be taken under advisement until the conclusion of this case. It is so ordered.

---

3. While *Novotny* may be distinguishable from the instant case on its facts, that does not explain plaintiff's persistent citation of and reliance on the court of appeals' decision in that case that was *reversed* by the Supreme Court. Although plaintiff might not like what the Supreme Court had to say on the subject, that is no reason to simply ignore the Court's opinion, like it or not.

4. The ADEA does provide for liquidated damages in case of a wilful violation, 29 U.S.C. § 626(c), but Seidel does not allege that the defendants' conduct in the instant case was wilful.