**Jean BORUMKA, Plaintiff,**

v.

**ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, d/b/a Blue Cross & Blue Shield of Colorado; John Ecord; Alfred Knaub; and Donald Blanchard, Defendants.**

No. 84–JM–1758.

United States District Court,
D. Colorado.

Dec. 21, 1984.

Richard C. LaFond, Ajai R. Khandke, LaFond & Evangelisti, Denver, Colo., for plaintiff.

Theodore A. Olsen, Sherman & Howard, Denver, Colo., for defendants.

## ORDER

JOHN P. MOORE, District Judge.

This matter is before me on motions to dismiss and strike filed by defendants in this action. The motions have been fully briefed and oral argument would not materially assist the resolution of this matter. Jurisdiction lies pursuant to 28 U.S.C. §§ 1331 and 1343 and the doctrine of pendent jurisdiction.

The plaintiff asserts claims for relief under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., alleging that she was deprived of employment opportunities because of her age and that defendants retaliated against her because of her opposition to employment practices made unlawful by the ADEA. The complaint additionally alleges pendent state law claims for outrageous conduct and violation of the Colorado age discrimination statute, Colo.Rev.Stat. § 8–2–116. Plaintiff seeks equitable relief, along with compensatory and punitive damages.

Defendants first move to dismiss all claims against defendant Donald Blanchard for failure to state a claim, arguing the

complaint does not specifically allege a cause of action against him. In response to this motion, plaintiff has sought leave of Court to amend her complaint in order to state in more specific terms the actions and conduct of defendant Blanchard that give rise to claims against him. At this early stage in the litigation, I think its appropriate to give plaintiff an opportunity to amend and will accordingly deny the motion to dismiss the claims against defendant Blanchard without prejudice.

■ Defendants next move for partial summary judgment on the ADEA claims as against defendant Blanchard because Blanchard was not named as a respondent in the charge plaintiff filed with the U.S. Equal Employment Opportunity Commission (EEOC). In this Circuit, omission of a party's name from the EEOC charge is not necessarily fatal to a subsequent action against that party. Dismissal is not mandated where, as here, the defendant was informally referred to in the body of the charge and where there is a sufficient identity of interest between the respondent named in the EEOC action and the defendant to satisfy the notice and conciliation purposes of the exhaustion requirement and to insure the unnamed party is not prejudiced by the omission. *Romero v. Union Pacific R.R.*, 615 F.2d 1303 (10th Cir.1980).[1] *See also Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3rd Cir.1977); *Shehadeh v. Chesapeake & Potomac Telephone Co.*, 595 F.2d 711 (D.C.Cir.1978).

■ Defendants also move to dismiss the claim for retaliation (second claim for relief) against all defendants on the grounds that the EEOC charge filed by the plaintiff contained no allegation of retaliation. While the express term "retaliation" is not used in the EEOC complaint, a fair reading of the charge as a whole reflects that the allegations of the second claim are reasonably related to the allegations in the EEOC charge. I find this satisfies the notice and conciliation purposes of the exhaustion rule. *See Scaramuzzo v. Glenmore Distilleries Co.*, 501 F.Supp. 727 (N.D.Ill.1980); *Goodman v. Board of Trustees of Com. College*, 498 F.Supp. 1329 (N.D.Ill.1980); *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir.1981).

■ It is axiomatic that an aggrieved party may not bypass the administrative process with a direct appeal to the courts, and in making these rulings, I do not seek to undercut this principle. However, the rule of exhaustion must be interpreted with a recognition that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972).[2]

■ Defendants additionally move to dismiss the third claim for relief for failure to state a claim because the Colorado statute on which plaintiff relies, Colo.Rev.Stat. § 8-2-116, does not give rise to a private cause of action on the part of persons allegedly discharged from employment in violation of it. Although one judge in this district has interpreted the statute at issue to give rise to a private cause of action,[3] Colorado courts have not had the occasion to address the issue. Accordingly, the dual concerns of federalism and that a surer-footed reading of the state law could be obtained in state court, operate against the exercise of pendent jurisdiction over the third claim. I reach this conclusion even

---

1. *Romero* is a decision that deals with a Title VII action and not with an action under ADEA. Procedural interpretations of Title VII are frequently applied to interpret the ADEA given the similarity of language and purpose behind the two statutes. *See, e.g., Quinn v. Bowmar Publishing Co.*, 445 F.Supp. 780, 784 (D.Md.1978).

2. Because "exhaustion of administrative remedies can often be what its name implies, exhausting ... the administrative requirements 'are not to be interpreted in an overly technical manner.'" *Sampson v. Civiletti*, 632 F.2d 860, 863 (10th Cir.1980), *citing, Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir.1979).

3. See *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 778 (D.Colo.1982) (Kane, J.).

though this claim shares a common nucleus' of operative fact with the federal claim.[4] I am further persuaded that jury confusion, as well as the possible perversion of congressional intent, may result from the different measures of recovery that are available under the federal ADEA scheme and under state law. Accordingly, applying the analysis set out in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), I respectfully disagree with my colleague, and I exercise my discretion to decline jurisdiction over the pendent state law claims contained in the third and fourth claims for relief.

Finally, defendants move to strike the prayer for compensatory and punitive damages from the complaint pursuant to Fed.R.Civ.P. 12(f). It is established law in this Circuit that damages other than those enumerated in the ADEA, including compensatory damages and punitive damages, are not recoverable under the ADEA. *See Perrell v. Financeamerica Corp.,* 726 F.2d 654 (10th Cir.1984); *Smith v. Montgomery Ward & Co., Inc.,* 567 F.Supp. 1331 (D.Colo.1983). Because the two ADEA claims are all.that will remain in the complaint when the pendent state law claims are dismissed, the prayer for compensatory and punitive damages cannot stand.

Upon the foregoing, it is

ORDERED the pendent state law claims (third and fourth claims for relief) are dismissed without prejudice.

FURTHER ORDERED the prayer for compensatory and punitive damages is stricken from the complaint. The defendants' motion to dismiss is denied in all other respects.

FURTHER ORDERED plaintiff may file an amended complaint on or before January 9, 1984.

---

**4.** A federal court may exercise pendent jurisdiction over state claims if the federal claim is "substantial", if the state law claims arise out of the same "nucleus of operative facts" as does the federal claim, and if the natures of the claims are so related that a plaintiff would ordinarily be expected to try all the claims in the same proceeding. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).