Aileen H. PASCOE and Jacqueline Tomlin, Plaintiffs,

v.

HOYLE LOWDERMILK, INC., Defendant.

Civ. A. No. 83–K–2272.

United States District Court,
D. Colorado.

Aug. 12, 1985.

Todd J. McNamara, Denver, Colo., for plaintiffs.

David R. Gorsuch, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs brought this action against their employer, defendant Hoyle Lowdermilk, Inc., based on the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Plaintiffs have also asserted pendent state claims including wrongful discharge, outrageous conduct, and breach of contract. This case is presently before me on defendant's motion to dismiss plaintiffs' state law claims for lack of subject matter jurisdiction.

■ When deciding whether to exercise pendent claim jurisdiction, I must first determine if I have the constitutional power to exercise such jurisdiction. That power exists: 1) when there is a substantial federal claim and 2) when both the federal and state claim arise from a common nucleus of operative facts. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because the age discrimination claim is a substantial federal claim and the same operative facts surrounding plaintiffs' terminations of employment give rise to both the state and federal claims, the exercise of pendent jurisdiction would be appropriate under the *Gibbs* constitutional test.

However, the *Gibbs* test does not end the inquiry into whether I have the power to hear plaintiffs' nonfederal claims along with the federal cause of action. If the exercise of jurisdiction is proper under the *Gibbs* test, I must then examine the statute on which the federal jurisdiction is predicated "in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), *quoting Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976).

The statute which confers federal jurisdiction in the present case is the ADEA.

Defendant contends that I should not exercise pendent jurisdiction over plaintiffs' state law claims because to do so would contravene the congressional intent of limiting the scope of remedies under the ADEA.

Although neither the language of the ADEA[1] nor its legislative history[2] expressly limit courts' authority to provide relief for age discrimination, most courts have determined that the congressional intent of the ADEA was to limit damages to those specifically enumerated in the statute. *See, e.g., Perrell v. Financeamerica Corp.*, 726 F.2d 654, 657 (10th Cir.1984); *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 686–88 (7th Cir.1982); *Vasquez v. Eastern Air Lines, Inc.*, 579 F.2d 107, 110–12 (1st Cir.1978). This intent is implied from the statutory content of the ADEA, the administrative conciliation scheme envisioned by the statute, and the fact that Congress could have provided for additional types of remedies but chose not to. *See Pfeiffer*, 682 F.2d 684, 686–88; *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 841 (3d Cir.1977); *Naton v. Bank of California*, 649 F.2d 691, 699 (9th Cir. 1981); *Slatin v. Stanford Research Inst.*, 590 F.2d 1292, 1296 (4th Cir.1979); *Dean v. American Security Ins. Co.*, 559 F.2d 1036, 1038–39 (5th Cir.1977).

Compensatory and punitive damages are not specifically enumerated in the statute. Thus, a majority of courts have held that they are not available under the ADEA.[3]

*See Perrell*, 726 F.2d 654; *Hill v. Spiegel, Inc.*, 708 F.2d 233 (6th Cir.1983); *Pfeiffer*, 682 F.2d 684; *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806 (8th Cir. 1982); *Naton*, 649 F.2d 691; *Slatin*, 590 F.2d 1292; *Vasquez*, 579 F.2d 107; *Murphy v. American Motors Sales Corp.*, 570 F.2d 1226 (5th Cir.1978); *Dean*, 559 F.2d 1036; *Rogers*, 550 F.2d 834; *Silver v. St. Luke's Hospital, Inc.*, No. 84–M–2046 (D.Colo. May 3, 1985) (Matsch, J.); *Borumka v. Rocky Mountain Hospital & Medical Svc.*, 599 F.Supp. 857 (D.Colo.1984) (Moore, J.); · *Prouty v. National R.R. Passenger Corp.*, 572 F.Supp. 200 (D.D.C.1983); *James v. KID Broadcasting Corp.*, 559 F.Supp. 1153 (D.Idaho 1983); *Whiteman v. Kroger Co.*, 548 F.Supp. 563 (C.D.Ill.1982); *Seidel v. Chicago Sav. & Loan Ass'n*, 544 F.Supp. 508 (N.D.Ill.1982); *Collins v. Manufacturers Hanover Trust Co.*, 542 F.Supp. 663 (S.D.N.Y.1982); *Allen v. Colgate-Palmolive Co.*, 539 F.Supp. 57 (S.D.N. Y.1981); *Douglas v. American Cyanamid Co.*, 472 F.Supp. 298 (D.Conn.1979).

Defendant asserts, and I agree, that this analysis extends to pendent state claims which permit recovery beyond that contemplated by the ADEA. "[A]djudication of such state claims would circumvent the scope of remedies available under the federal cause of action..." *Hannon v. Continental Nat. Bank*, 427 F.Supp. 215, 218 (D.Colo.1977) (Finesilver, J.); *see also Borumka*, 599 F.Supp. 857, 860; *Douglas*, 472 F.Supp. 298, 306. Thus, "it is improper to use this Court's pendent jurisdiction to

---

1. Regarding remedies, § 7(b) of the ADEA provides that

   Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

29 U.S.C. § 626(b) (emphasis in original).

2. *See* 1967 U.S.Code Cong. & Ad.News 2213; 1978 U.S.Code Cong. & Ad.News 504.

3. In both *Kennedy v. Mountain States Tel. & Tel. Co.*, 449 F.Supp. 1008 (D.Colo.1978) and *Brenimer v. Great Western Sugar Co.*, 567 F.Supp. 218 (D.Colo.1983), I ruled that compensatory and punitive damages are available in ADEA cases. However, the Tenth Circuit has recently held to the contrary in *Perrell v. Financeamerica Corp.*, 726 F.2d 654 (10th Cir.1984). Despite my earlier rulings, I am bound by the Tenth Circuit's decision in *Perrell* that compensatory damages are not available in ADEA cases. By implication, the language in *Perrell* also suggests that punitive damages are likewise unavailable.

widen the scope of recovery beyond the limits of the federal statute upon which jurisdiction is predicated." *Shirley v. Brown & Williamson Tobacco Co.,* 608 F.Supp. 78, 79 (E.D.Tenn.1984).

Additionally, contrary to plaintiffs' assertion, the discretionary factors in *Gibbs* would not permit the exercise of pendent jurisdiction in this case. In *Gibbs,* the Supreme Court identified four factors that counsel against the exercise of jurisdiction over state claims even though the two-prong constitutional test is met. Discretion to dismiss state claims should be exercised: 1) when considerations of judicial economy, convenience and fairness to litigants are not present; 2) when a surer-footed reading of applicable state law can be obtained in state court; 3) when state issues predominate in terms of proof, scope of issues raised, or comprehensiveness of remedies sought; and 4) when divergent state and federal claims and theories are likely to cause jury confusion.

■ Under the circumstances of this case, I find that the state issues would predominate in terms of comprehensiveness of the remedy sought. Also, there is a real likelihood of jury confusion in treating these divergent legal theories of relief. *See James,* 559 F.Supp. 1153, 1157; *Silver,* No. 84–M–2046, slip op. at 4; *Borumka,* 599 F.Supp. 857, 860; *Ritter v. Colorado Interstate Gas Co.,* 593 F.Supp. 1279 (D.Colo.1984) (Carrigan, J.); *Lettich v. Kenway,* 590 F.Supp. 1225, 1226 (D.Mass. 1984). Both the comprehensiveness of the remedies provided by the state claims and the "likelihood of jury confusion" resulting from trial of the state and federal claims together far outweigh considerations of "judicial economy, convenience and fairness to litigants" which might favor trial of the claims together.

For these reasons as well as the congressional intent to limit remedies under the ADEA, defendant's motion to dismiss plaintiffs' pendent claims is granted. I decline to exercise pendent jurisdiction over plaintiffs' related state law claims. This action will proceed only as a claim under the ADEA.

IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' second and third claims for relief, stating claims for wrongful discharge, outrageous conduct, and breach of contract, are dismissed without prejudice.