**Arthur C. DiRITO, Plaintiff,**

v.

**IDEAL BASIC INDUSTRIES, INC., and Roger H. Bonnell, Defendant.**

**Civ. A. No. 85-K-1026.**

United States District Court, D. Colorado.

Sept. 18, 1985.

Sally K. Ortner, Denver, Colo., for plaintiff.

Cathlin Donnell, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff brings this action against defendants based on the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1983). Plaintiff also asserts pendent state claims including outrageous conduct, promissory estoppel, fraud, negligent misrepresentation, and violations of the Colorado age discrimination statute, Colo.Rev.Stat. § 8–2–116 (1973).[1]

Defendants move to dismiss plaintiff's § 8–2–116 claim for failure to state a cause of action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[2] Defendants assert that an essential element of a cause of action under § 8–2–116 is not alleged in plaintiff's complaint, namely that plaintiff was discharged "solely and only upon the ground of age."

For the defendants to prevail on a motion to dismiss for failure to state a claim upon which relief can be granted it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Generally, the allegations of the complaint are to be liberally construed. 2A J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 12.07[2.–5] at 12–65 (M.B. 2d ed. 1985).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain

---

1. Colorado Revised Statutes § 8–2–116 (1973) provides:

   No person, firm, association, or corporation conducting within this state any business requiring the employment of labor shall discharge any individual between the ages of eighteen and sixty years, solely and only upon the ground of age, if such individual is well versed in the line of business carried on by such person, firm, association, or corporation and is qualified physically, mentally, and by training and experience to satisfactorily perform and does satisfactorily perform the labor assigned to him, or for which he applies.

2. Defendants' motion is titled "Motion to Dismiss Plaintiff's *First* Claim For Relief For Failure To State A Cause Of Action". (Emphasis added.) From the context of the motion, it is obvious that the defendants are moving to dismiss plaintiff's *sixth* claim for relief.

statement of the claim showing that the pleader is entitled to relief." Thus, the plaintiff is only required to state facts sufficient to give the opposing party fair notice of the claim. *Rawson v. Sears, Roebuck & Co.*, 530 F.Supp. 776, 781 (D.Colo. 1982).

The complaint gives defendants fair notice of plaintiff's claim of age discrimination. In paragraph 67, plaintiff alleges that "Ideal (company-wide) did not treat age neutrally in promotion and termination decisions, and refused to retain, relocate, reassign or retrain DiRito *because of his age* or regarded his age as a negative factor." (Emphasis added.) In paragraph 73, plaintiff alleges that "Ideal has intentionally and willfully denied and continues to deny DiRito retention, rehire, reassignment or relocation with Ideal *solely because of his age*, in violation of the provisions of § 4 of the A.D.E.A., 29 U.S.C. § 623. (Emphasis added.) In paragraph 76 of plaintiff's sixth claim for relief, plaintiff incorporates all prior paragraphs by reference. In paragraph 77 of the sixth claim for relief, plaintiff alleges that the above actions of Ideal constitute a violation of the Colorado age discrimination statute, § 8–2–116. These pleadings are adequate to overcome a motion to dismiss for failure to state a claim upon which relief can be granted.

I dismiss plaintiff's § 8–2–116 claim and plaintiff's other pendent state claims, however, for lack of subject matter jurisdiction. In the recent case of *Pascoe v. Hoyle Lowdermilk, Inc.*, 614 F.Supp. 546 (D.Colo.1985), the plaintiffs brought an action against their employer under the ADEA. The plaintiffs also asserted pendent state claims including wrongful discharge, outrageous conduct, and breach of contract. I dismissed the plaintiffs' state claims because they sought to enlarge remedies which Congress has not authorized. I stated that most courts have determined that Congress intended to limit the scope of remedies under the ADEA to those specifically enumerated in the statute. This intent was "implied from the statutory content of the ADEA, the administrative conciliation scheme envisioned by the statute, and the fact that Congress could have provided for additional types of remedies but chose not to." *Id.*, at 547. In addition, the state issues would predominate in terms of comprehensiveness of the remedy sought, and there was a real likelihood of jury confusion in treating divergent legal theories of relief. *Pascoe*, at 548; *see also Silver v. St. Luke's Hospital, Inc.*, No. 84–M–2046, slip op. at 4 (D.Colo. May 3, 1985) (Matsch, J.); *Borumka v. Rocky Mountain Hospital & Medical Service*, 599 F.Supp. 857, 860 (D.Colo.1984) (Moore, J.); *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279 (D.Colo.1984) (Carrigan, J.); *Hannon v. Continental National Bank*, 427 F.Supp. 215, 218 (D.Colo.1977) (Finesilver, J.). Accordingly, I decline to exercise pendent jurisdiction over plaintiff's state claims. This action will proceed only on the claim under the ADEA.

IT IS THEREFORE ORDERED that plaintiff's first, second, third, fourth, and sixth claims for relief are dismissed without prejudice.