Beatrice HENSMAN, Plaintiff,

v.

ADAMS COUNTY DEPARTMENT OF SOCIAL SERVICES; Board of County Commissioners of Adams County, on its own behalf and on behalf .of the Adams County Board of Social Services; Colorado Department of Social Services; and the Colorado State Board of Social Services, Defendants.

Civ. A. No. 85–K–1955.

United States District Court,
D. Colorado.

Dec. 12, 1985.

William E. Benjamin, Boulder, Colo., for plaintiff.

Richard D. Greengard, Greengard & Senter, Denver, Colo., for Adams Co.

Cathy S. Harris, Hall & Evans, Kathy Stumm, Asst. Atty. Gen., Denver, Colo., for State of Colorado.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff brings this action against defendants based on the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34, and the Equal Pay Act, 29 U.S.C. § 206. Plaintiff also asserts pendent state claims including violations of the Colorado age discrimination statute, Colo. Rev.Stat. § 8–2–116, and breach of contract. Defendants move to dismiss plaintiff's pendent claims. For the following reasons, I grant defendants' motions.

## I

■ When deciding whether to exercise pendent jurisdiction, I must determine if I have the constitutional power to exercise such jurisdiction. That power exists when there is a substantial federal claim and when both the federal and state claim arise from a common nucleus of operative fact. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). I also must examine the posture in which the nonfederal claim is asserted and the specific statute on which federal jurisdiction is predicated "in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (quoting *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976)). Even if

I have jurisdiction over a nonfederal claim, I must exercise my discretion in determining whether to accept the claim. I should reject a nonfederal claim: (1) when considerations of judicial economy, convenience and fairness to litigants are not present; (2) when a surer-footed reading of applicable state law can be obtained in state court; (3) when state issues predominate in terms of proof, scope of issues raised, or comprehensiveness of remedies sought; or (4) when divergent legal theories of relief are likely to cause jury confusion. *Id.* 383 U.S. at 726–27, 86 S.Ct. at 1139.

■ In *Pascoe v. Hoyle Lowdermilk, Inc.*, 614 F.Supp. 546 (D.Colo.1985), the plaintiffs brought an action based on the ADEA and also asserted pendent state claims. I held that, under the *Gibbs* test, I had constitutional jurisdiction to hear the state claims. *Id.* I determined, however, that Congress intended to limit the scope of remedies under the ADEA to those specifically enumerated in the statute. Therefore, Congress impliedly negated the exercise of jurisdiction over the state claims. *Id.* at 547–48. In addition, I found that the state issues would predominate in terms of comprehensiveness of the remedy sought, and that there was a real likelihood of jury confusion in treating the divergent legal theories of relief. *Id.* at 548. *See also DiRito v. Ideal Basic Industries, Inc.*, 617 F.Supp. 79, 81 (D.Colo.1985) (Kane, J.); *Silver v. St. Luke's Hospital, Inc.*, No. 84–M–2046, slip op. at 4 (D.Colo. May 3, 1985) (Matsch, J.); *Borumka v. Rocky Mountain Hospital & Medical Service*, 599 F.Supp. 857, 860 (D.Colo.1984) (Moore, J.); *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279 (D.Colo.1984) (Carrigan, J.); *Hannon v. Continental National Bank*, 427 F.Supp. 215, 218 (D.Colo.1977) (Finesilver, J.). Accordingly, I decline to exercise jurisdiction over plaintiff's state claims insofar as they are pendent to her ADEA claim.[1] Thus, I must determine whether to exercise

---

1. In *DiRito v. Ideal Basic Industries, Inc.*, 617 F.Supp. 79, the plaintiff's state claims included violations of the Colorado age discrimination statute, Colo.Rev.Stat. § 8–2–116. In *Pascoe v.* *Hoyle Lowdermilk, Inc.*, 614 F.Supp. 546, the plaintiffs' state claims included breach of contract.

jurisdiction over plaintiff's state claims insofar as they are pendent to her Equal Pay Act claim.

## II

 Plaintiff seeks numerous remedies under her state claims, including exemplary damages and damages for emotional distress. Congress, however, has expressly limited damages under the Equal Pay Act to back pay, liquidated damages, a reasonable attorney's fee and costs of the action. 29 U.S.C. § 216(b).[2] Adjudication of plaintiff's state claims would circumvent the scope of remedies available under the Equal Pay Act. Therefore, Congress has impliedly negated the exercise of jurisdiction over plaintiff's state claims insofar as they are pendent to her Equal Pay Act claim. *See Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1168, 1173 (E.D. Mich.1978).

Even if I have jurisdiction over plaintiff's state claims, in the exercise of discretion I refuse to hear such claims insofar as they are pendent to her Equal Pay Act claim. I find that: (1) a surer-footed reading of the applicable state law can be obtained in state court; (2) the state issues would predominate in terms of comprehensiveness of remedies sought; and (3) there is a real likelihood of jury confusion in treating the divergent legal theories of relief. These findings far outweigh any considerations of judicial economy, convenience and fairness to litigants which might favor trial of the claims together.

For the above reasons, defendants' motions to dismiss plaintiff's pendent state claims are granted. This action will proceed only on plaintiff's claims under the ADEA and the Equal Pay Act.

2. 29 U.S.C. § 216(b) provides:
"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional

IT IS THEREFORE ORDERED that plaintiff's third and fourth claims for relief are dismissed without prejudice.

equal amount as liquidated damages.... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."