Robert H. **LETTICH**, Plaintiff,

v.

Herbert P. **KENWAY**, et al., Defendants.

Civ. A. No. 83–0931–C.

United States District Court,
D. Massachusetts.

Sept. 5, 1984.

Patricia Randall, Homans, Hamilton, Dahmen & Marshall, Boston, Mass., for plaintiff.

Jerome Gotkin, Michael S. Bearse, Widett, Slater & Goldman, Boston, Mass., for defendants Kenway, Lynch, Crowley, Horn, Pahl, Lorusso & Manus.

Barry C. Klickstein, Forman, Roberts, Klickstein & Levy, Boston, Mass., for defendants Lahive, Liepmann, Cockfield, Lappin & Walpert.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by plaintiff Robert J. Lettich against certain named general partners of the law firm of Kenway & Jenney. Plaintiff alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., as amended, and the Massachusetts statute prohibiting discrimination in employment and retaliation on account of age, M.G.L. c. 151B. Plaintiff also sets forth state common law claims for breach of the implied covenant of fair dealing and good faith in employ-

ment contracts, and for intentional infliction of emotional distress. In June 1983, defendants filed a motion to dismiss or, in the alternative, to stay. United States Magistrate Collings heard oral arguments in October 1983, and on January 9, 1984, issued his report and recommendations on the motion. Magistrate Collings recommended in his report that defendants' motion to dismiss plaintiff's state claims be allowed. Plaintiff objects to the Magistrate's report and recommendation, and the matter is presently before this Court on plaintiff's objections and on defendants' motion for summary judgment.

■ Defendants assert that plaintiff's state statutory and common law claims should be dismissed for lack of subject matter jurisdiction. This Court may, in its discretion, assert pendent jurisdiction over state law claims in certain circumstances. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, I decline to exercise pendent jurisdiction over plaintiff's state claims in this case for at least two reasons. First, trial of plaintiff's state law claims would involve complex and difficult issues of fact and law, and would go far beyond the scope of the detailed and comprehensive statutory scheme of the ADEA. The "likelihood of jury confusion" resulting from trial of the state and federal claims together far outweighs considerations of "judicial economy, convenience and fairness to litigants" which might favor trial of the claims together. *Id.* at 726–27, 86 S.Ct. at 1139. Second, as Magistrate Collings concluded in his report, the ADEA appears to be an exclusive remedy, and this Court has no authority to rule on both plaintiff's ADEA claim *and* his state law claims arising out of the same incident. *Accord Pandis v. Sikorsky Aircraft Division of U.T.C.,* 431 F.Supp. 793 (D.Conn. 1977). Accordingly, I rule that defendants' motion to dismiss plaintiff's state law claims should be allowed.

I turn now to defendants' motion for summary judgment. Defendants argue that plaintiff has no claim against them

under the ADEA because they were not the plaintiff's "employers" within the meaning of that statute. They assert that the law partnership of Kenway & Jenney was plaintiff's employer, and that any claims plaintiff may have against the law partnership cannot be brought against the individual general partners. Plaintiff does not name the partnership of Kenway & Jenney as a defendant in this lawsuit.

■ Defendants' argument can be disposed of summarily. The ADEA defines "employer" as

a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... The term also means ... *any agent of such a person* .....

29 U.S.C. § 630(b) (emphasis added). Partnerships are included within the statutory definition of person. 29 U.S.C. § 630(a). It is fundamental partnership law that each general partner is an agent of the partnership. *See* M.G.L. c. 108A, § 9 (Uniform Partnership Act). Accordingly, I rule that the individual general partners of Kenway & Jenney are "employers" within the meaning of the ADEA.

■ Defendants then argue that plaintiff has failed to state a claim against the individual general partners because the complaint does not allege that any of the named defendants themselves engaged in unlawful activities. Defendants read plaintiff's complaint as alleging that the law partnership of Kenway & Jenney alone committed all the unlawful acts set out in the pleadings. Defendants apparently overlook, however, paragraph seven of the complaint in which plaintiff explains that "[f]or purposes of this complaint, [the general partners] are collectively referred to as the 'Defendants' or as 'Kenway & Jenney.'" I rule therefore that plaintiff has stated a claim against the named general partners.

■ Finally, defendants seek summary judgment on the ground that they were not mentioned in plaintiff's notice of intent to sue. Before initiating an age discrimination suit, a plaintiff is ordinarily required to file a notice of intent to sue with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d). The purpose of the notice requirement is to afford the Secretary of Labor the opportunity to conciliate the dispute between the parties. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F.Supp. 318 (D.Mass.), *aff'd*, 545 F.2d 222 (1st Cir. 1976). Plaintiff filed his notice of intent to sue with the EEOC in January 1981, naming only the law firm of Kenway & Jenney as a contemplated defendant. Similarly, plaintiff's amended notice to the EEOC filed in August 1982 charges only Kenway & Jenney with violating the ADEA.

District courts in several circuits, including this Circuit, have recently held that an age discrimination suit can be brought against a defendant not named in the notice of intent if (1) there is substantial identity between the defendant not named in the notice and the defendant who was so named and (2) the unnamed defendant had notice of the administrative proceeding. *See, e.g., Rio v. Presbyterian Hospital in City of New York*, 561 F.Supp. 325, 326 (S.D.N.Y.1983); *Flaherty v. Itek Corp.*, 500 F.Supp. 309, 311 (D.Mass.1980); *Quinn v. Bownar Pub. Co.*, 445 F.Supp. 780, 785 (D.Md.1980). "In such cases, technical compliance with the statute would not further the policies that underlie the notice requirement." *Rio v. Presbyterian Hospital in City of New York*, 561 F.Supp. at 326.

I rule that there is substantial identity between the general partners named as defendants in this lawsuit and the law firm of Kenway & Jenney which was named in plaintiff's notice of intent to sue. Moreover, it appears highly unlikely from the record in this case that the partnership of Kenway & Jenney had notice of the administrative proceeding but that its general partners did not. For example, the record shows that many general partners in the law firm who are not defendants in this case had, in fact, reached a settlement with

plaintiff even prior to initiation of this lawsuit. For those reasons, I rule that these defendants had notice of the administrative proceeding, and that defendants' motion for summary judgment should be denied.

Order accordingly.