Alex RITTER, Plaintiff,

v.

COLORADO INTERSTATE GAS COMPANY, Defendant.

Civ. A. No. 84–C–841.

United States District Court,
D. Colorado.

Sept. 26, 1984.

Donald P. MacDonald, Hornbein, MacDonald, Fattor & Buckley, P.C., Denver, Colo., for plaintiff.

Stephen G. Koerner, Colorado Interstate Gas Company, Colorado Springs, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

This is an action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Defendant has moved to dismiss the plaintiff's pendent state law contract claims. The motion has been thoroughly briefed and oral argument would not materially assist my decision.

Plaintiff is presently fifty-six years old. He was employed by Colorado Interstate Gas Company ("CIG" or "the company") in Colorado Springs, Colorado from April 4, 1952 until February 11, 1983, when he was discharged. His most recent position with the company was as supervisor of the capital budget. His complaint alleges that his job performance with CIG was always satisfactory or better. Moreover, he alleges that, when he was fired, his duties were transferred to younger, less expert employees.

Plaintiff asserts three claims for relief. First, he claims he was discharged because of his age in violation of the ADEA. Second, he claims breach of contract based upon a 1952 oral representation that he would be employed as long as his job performance remained satisfactory. Third, he claims the defendant breached the implied covenant of good faith and fair dealing arising from the long and continuous employer-employee relationship. The second and third claims are the pendent state claims targeted by the motion to dismiss.

Plaintiff requests reinstatement, back pay including loss of retirement and other benefits, compensatory damages, liquidated damages as provided in the ADEA [29 U.S.C. § 626(b)], punitive damages, and attorneys' fees.

CIG moves pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P., to dismiss the second and third claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. I will discuss first the jurisdictional issue.

■ *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), provides the guidelines for determining whether, under Article III, a federal district court can exercise jurisdiction over state claims appended to a federal claim. *First*, the federal claim must be of sufficient substance to confer federal jurisdiction. There is no question that the ADEA claim here meets that requirement.

■ *Second*, the federal and state claims must arise out of a "common nucleus of operative fact [which the plaintiff] would ordinarily be expected to try ... in one judicial proceeding ...." 388 U.S. at 725, 86 S.Ct. at 1138. A loose factual connection between the claims has generally been held sufficient to satisfy this second requirement. See Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3567, pp. 445–47.

■ All three claims here joined arise from CIG's termination of the plaintiff's employment. Evidence of the parties' conduct at the time of the termination, the plaintiff's job performance, and the company's motivation for discharging him would have to be introduced to prove each of the claims. But the contract claims would require evidence not needed to prove the ADEA claim—such as proof of the existence and terms of the alleged 1952 oral agreement. The "common nucleus of operative facts" test, however, does not require that the facts giving rise to the state and federal claims be identical. In my view, the pendent contract claims meet the second *Gibbs* test. Accordingly, this court is empowered by Article III of the United States Constitution to exercise jurisdiction over the pendent state claims.

■ The Supreme Court has recently declared, however, that there are statutory as well as constitutional limits on the exercise of pendent jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). This issue was explored in *Frye v. Pioneer Logging Machinery, Inc.*, 555 F.Supp. 730, 732–3 (D.S.C. 1983), an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*:

"Gibbs delineated the constitutional limits of federal judicial power under Article III of the Constitution. As the Supreme Court has since made clear in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and more recently in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the existence of Article III power does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond the "constitutional minimum,"

[T]here must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether "Congress in [that statute] has ... expressly or by implication negated" the

exercise of jurisdiction over the particular nonfederal claim.

*Owen Equipment & Erection Co. v. Kroger,* 437 U.S. at 373, 98 S.Ct. at 2402, *quoting Aldinger v. Howard,* 427 U.S. at 18, 96 S.Ct. at 2422. Thus, under *Aldinger* and *Kroger,* the federal courts must consider whether the statutory grant of federal jurisdiction in question, either expressly or by implication, excludes the state claim from federal court jurisdiction." [1]

The plaintiff in *Frye* alleged sex discrimination under Title VII and also alleged state law claims for breach of contract, tortious interference with contract, and intentional infliction of emotional distress. The court in *Frye* concluded that Title VII and its judicial history reveal an implied congressional command negating the exercise of pendent jurisdiction over the state claims set forth in the plaintiff's complaint.

In so deciding, the court followed the reasoning and holding in other Title VII actions. *Bennett v. Southern Marine Management Co.,* 531 F.Supp. 115 (M.D. Fla.1982); *Jong-Yul Lim v. International Institute of Metropolitan Detroit,* 510 F.Supp. 722 (E.D.Mich.1981); *Kiss v. Tamarac Utilities, Inc.,* 463 F.Supp. 951 (S.D. Fla.1978). These courts have held that the exercise of pendent jurisdiction would be inconsistent with, and would tend to subvert, Title VII policies, rights and remedies.

First, the relief Congress provided under Title VII is limited to reinstatement, back pay, and other equitable relief. 42 U.S.C. § 2000e–5(g). The joinder of state law claims, under which a plaintiff might be entitled to compensatory and punitive damages, would directly conflict with the congressional intent of limited relief.

Second, Title VII contains specific procedural limitations designed to expedite resolution of these cases. Title VII claimants are not entitled to a jury trial. 42 U.S.C. § 2000e–5(f)(4). Claims under Title VII

should be adjudicated within 120 days after issue has been joined. 42 U.S.C. § 2000e–5(f)(5). If a case cannot be set for trial within the 120 days, the court may appoint a master to adjudicate the case. *Id.* The court in *Jong-Yul Lim v. International Institute of Metropolitan Detroit, supra,* 510 F.Supp. at 725–6, expressed the conflict between Title VII and the adjudication of pendent state claims as follows:

"The joinder of state law claims which expand the scope of issues to be resolved and preclude the possibility of referring the matter to a master would frustrate the express congressional intent, as evidenced by the foregoing provisions, of having employment discrimination cases under Title VII resolved in the most expeditious manner possible."

Other courts, however, have found no statutory limits on the exercise of jurisdiction over state claims pendent to Title VII claims. *See, e.g., Phillips v. Smalley Maintenance Services, Inc.,* 711 F.2d 1524 (11th Cir.1983); *Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J.1981); *Palazon v. KFC National Management Co.,* 28 FEP 458 (N.D.Ill.1981).

Apparently no court has performed an *Aldinger v. Howard/Owen Equipment & Erection Co. v. Kroger* type analysis of the Age Discrimination in Employment Act.

■ The ADEA, like Title VII, contains remedial limitations. An employee discharged in violation of the ADEA is entitled to reinstatement, back pay, and, if the violation was willful, liquidated damages. 29 U.S.C. § 626(b). Relief not expressly provided for within the enforcement scheme of the ADFA, such as compensatory and punitive damages, is not recoverable. *Perrell v. Finanaceamerica Corp.,* 726 F.2d 654, 657 (10th Cir.1984); *see also Blim v. Western Electric Co., Inc.,* 731 F.2d 1473 (10th Cir.1984).

---

**1.** Both *Aldinger, supra,* and *Owen Equipment & Erection Co., supra,* addressed jurisdiction over pendent parties rather than pendent claims. The expansion of the doctrine to pendent claims appears to be well-founded; the issue in each situation is whether the exercise of pendent jurisdiction would contravene the policy behind the statutes giving rise to the federal claim.

The ADEA does not, however, contain the procedural limitations of Title VII. The ADEA was amended in 1978 to guarantee trial by jury of any fact issue. 29 U.S.C. § 626(c)(2). There is no provision for expedited adjudication nor for referral to a master. I find no significant conflict between the statutory procedures required by the ADEA and the adjudication of pendent state claims.[2]

The arguments supporting congressional negation of the exercise of jurisdiction over a state claim pendent to a federal statutory claim are thus more persuasive for Title VII claims than for ADEA claims. I do not find that Congress in the ADEA has "expressly or by implication negated the exercise of jurisdiction"[3] over the plaintiff's pendent breach of contract or implied covenant of good faith dealing claims.

Assuming that this court has power to hear the pendent state claims, it does not follow that they must be heard here. Exercise of pendent jurisdiction is committed to the informed discretion of the district court. In *United Mine Workers v. Gibbs, supra*, 383 U.S. at 726–7, 86 S.Ct. at 1139, the Supreme Court identified a number of factors that counsel against the exercise of jurisdiction over such state claims. Discretion to dismiss state claims should be exercised: 1) when considerations of judicial economy, convenience and fairness to litigants are not present; 2) when a surerfooted reading of applicable state law can be obtained in a state court; 3) when state issues predominate in terms of proof, scope of issues raised, or comprehensiveness of remedies sought; and 4) when divergent

state and federal claims and theories are likely to cause jury confusion.

Courts have split with regard to application of these factors when plaintiffs have asserted state claims pendent to ADEA claims. In this district, Chief Judge Finesilver in *Hannon v. Continental National Bank*, 427 F.Supp. 215 (D.Colo.1977), declined to exercise pendent jurisdiction over a state tort action for intentional infliction of emotional distress. He reasoned that "[o]ur adjudication of such state claims would circumvent the scope of the remedies available under the federal cause of action, and subvert the policies of excluding damages for emotional distress under the ADEA." 427 F.Supp. at 218.

This rationale, to uphold the federal policy limiting remedies, was one of the primary concerns that led the courts in the *Frye* line of cases to hold that they had no power to exercise jurisdiction over state claims pendent to Title VII claims. The policies of the ADEA, however, would be better effectuated by a case-by-case analysis of the nature of the pendent claims and their respective relationships to the particular facts of each ADEA case than by a sweeping prohibition against exercise of pendent jurisdiction. The discretionary considerations articulated in *Gibbs* provide adequate protection for the statutory policies of the ADEA.

In *Kennedy v. Mountain States Telephone & Telegraph Co.*, 449 F.Supp. 1008 (D.Colo.1978), Judge Kane refused to hear a pendent breach of contract claim because it lacked sufficient relationship to the federal claim. Subsequently, however, he retained jurisdiction over five pendent state claims, including a breach of contract

2. The district court in *Frye v. Pioneer Logging Machinery, Inc., supra*, 555 F.Supp. at 734, noted a conflict between Title VII and the exercise of jurisdiction over pendent parties:

"[I]n enacting Title VII, Congress expressed a public policy favoring cooperation and voluntary compliance as the preferred means for eliminating discrimination in the area of employment opportunities. An aggrieved party is required to proceed through the conciliation process of the Equal Employment Opportunity Commission prior to bringing a law-

suit, and thus, the joining of parties who have not had the opportunity to participate in this process, because they have not been named as respondents in the EEOC charge, frustrates this congressional policy."

The ADEA has a similar procedural provision, 29 U.S.C. § 626(d). The only named defendant in this suit participated in the EEOC conciliation process; thus obviating this concern.

3. *Owen Equipment & Erection Co. v. Kroger, supra*, 437 U.S. at 373, 98 S.Ct. at 2402.

claim, in *Brooks v. Trans World Airlines, Inc.*, 574 F.Supp. 805 (D.Colo.1983). In *Smith v. Montgomery Ward & Co., Inc.*, 567 F.Supp. 1331 (D.Colo.1983), Judge Moore accepted jurisdiction over pendent state claims in an ADEA action. Jurisdictional considerations were not discussed in these latter two cases.

Elsewhere, jurisdiction over state claims appended to ADEA claims has been exercised in *Cancellier v. Federated Department Stores*, 672 F.2d 1312 (9th Cir.1982); *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 505–06 (D.Del.1977); *Fellows v. Medford Corp.*, 431 F.Supp. 199 (D.Ore. 1977). On the other hand, pendent state claims have been dismissed in the following cases: *James v. KID Broadcasting Corp.*, 559 F.Supp. 1153 (D.Idaho 1983); *Deutsch v. Carl Zeiss, Inc.*, 529 F.Supp. 215 (S.D.N.Y.1981); *Douglas v. American Cyanimid Co.*, 472 F.Supp. 298 (D.Conn.1979); *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F.Supp. 793, 795–96 (D.Conn.1977).[4]

Turning to application in this case of the discretionary *Gibbs* standards, it appears that the first factor, considerations of judicial economy, convenience and fairness to the litigants, would be served by the exercise of pendent jurisdiction. If the state contract claims were litigated separately in state court much of the same evidence would have to be reintroduced in that forum.

The second *Gibbs* factor—availability of a surer-footed reading of applicable law in state court—counsels against exercise of jurisdiction over the pendent state claims. The second claim, for breach of contract, is based on an oral representation allegedly made to the plaintiff, when he was hired in 1952, that he would have job security as long as he performed satisfactorily. The third claim, breach of implied contract, is based on an implied covenant of good faith and fair dealing allegedly arising from the long and continuous employer-employee relationship. No Colorado court has yet recognized either of these claims for relief, nor has any Colorado court ruled that either does not exist.

Colorado to date has followed the "at will" employment doctrine, holding that absent special consideration or an express stipulation as to duration of employment, an indefinite general hiring is terminable at will by either party. *Lampe v. Presbyterian Medical Center*, 41 Colo.App. 465, 590 P.2d 513 (1978); *Justice v. Stanley Aviation Corp.*, 35 Colo.App. 1, 530 P.2d 984 (1974).

Courts in other states have modified the "at will" doctrine to afford discharged employees greater rights. *See* Feiger, " 'Employment at Will' and the Discharged Employee in Colorado," 12 Colo.Lwyr. 733 (1983); *Brooks v. Trans World Airlines, Inc., supra.*

A terminated employee's claim for relief based on his former employer's oral assurance at the time of hiring would be cognizable in Michigan. In *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980), the Supreme Court of Michigan implied employment contracts from representations that employees could keep their jobs as long as they performed satisfactorily. The court stated:

> "We see no reason why an employment contract which does not have a definite term—the term is 'indefinite'—cannot legally provide job security. When a prospective employee inquires about job security and the employer agrees that the employee shall be employed as long as he does the job, a fair construction is that the employer has agreed to give up his right to discharge at will without assigning cause and may discharge only for cause (good or just cause). The result is that the employee, if discharged without good or just cause, may maintain an action for wrongful discharge." 292 N.W.2d at 890.

4. *Pandis* is not really applicable, however, because there the dismissed claim was a state age discrimination claim which the court found to be governed by a specific procedural provision of the ADEA, 29 U.S.C. § 633(b).

The *Toussaint* rationale has been followed in numerous jurisdictions. *See Brooks v. Trans World Airlines, supra,* 574 F.Supp. at 809 n. 1. Other courts, however, have declined to follow it. *Id.* at 809 n. 2.

The plaintiff's third claim for relief, based on an implied covenant of good faith and fair dealing, would be cognizable in California, New Hampshire and Massachusetts. *Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980); *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549 (1974); *Fortune v. National Cash Register Company,* 373 Mass. 96, 364 N.E.2d 1251, 1255–57 (1977). The basis for this theory is traditional contract doctrine that implies a covenant of good faith or duty of fair dealing in all contracts.

The most liberal modification of the "at will" employment doctrine by a Colorado state court appeared in *Lampe v. Presbyterian Medical Center, supra.* There the Colorado Court of Appeals indicated that an exception to the general rule might be recognized where an employee is terminated for exercising a statutorily created right or duty. Plaintiff here has alleged no facts to bring this case within that rule.

■ Plaintiff, through his pendent state claims, is not asking this court to apply current Colorado law but to expand Colorado law in the direction of increased employee rights. Because of the split among the states whose courts have decided similar issues, it is impossible to predict the direction the Colorado Supreme Court will take. Thus, under our federal system, the question should be addressed first to the Colorado state courts. Following *Gibbs,* I decline to exercise jurisdiction over the pendent state claims in the particular circumstances here presented.

Applicability of the third and fourth *Gibbs* factors need not be considered.

Accordingly,

IT IS ORDERED that the plaintiff's second claim, for breach of contract, and third claim, for breach of the implied covenant of good faith and fair dealing, are dismissed without prejudice.