Ana M. CHAVEZ, Plaintiff,

v.

GUARANTY BANK & TRUST COMPANY, a Colorado corporation, Defendant.

Civ. A. No. 84–Z–1473.

United States District Court, D. Colorado.

April 16, 1985.

---

Daniel R. Satriana, Jr., Hall & Evans, Denver, Colo., for plaintiff.

Laura Ann Wing, Rothgerber, Appel & Powers, Denver, Colo., for defendant.

## ORDER DISMISSING STATE CLAIMS

WEINSHIENK, District Judge.

This matter is before the Court on defendant Guaranty Bank & Trust Company's Motion to Dismiss. Plaintiff Ana M. Chavez filed this action against defendant

alleging discriminatory treatment and discriminatory discharge by defendant. Plaintiff also claims that pursuant to state law her discharge was "improper, unwarranted and in breach of Defendant's employee manual," and that defendant acted in bad faith and against public policy. Plaintiff alleges jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3), as well as 28 U.S.C. § 1331, and pendent jurisdiction.

Guaranty Bank & Trust Company's Motion contends that plaintiff's second and third claims for relief, the state law claims, fail to state a claim. Alternatively, defendant argues that the Court should refuse to exercise pendent jurisdiction over these claims. The Court has reviewed the motion, the submitted legal memoranda and the relevant case law, and is now fully advised and prepared to rule.

■ Generally, a Court may exercise pendent jurisdiction when, as in this case, there is a substantial federal claim and the state claims derive from a common nucleus of operative facts. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, the *Gibbs* common nucleus of operative facts test does not end the inquiry into whether this Court has the power to hear the plaintiff's nonfederal claims along with the federal one. As stated in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978):

> Beyond this constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether "Congress in [that statute] has … expressly or by implication negated" the exercise of jurisdiction over the particular nonfederal claim. *Aldinger v. How-*

*ard, supra,* [427 U.S. 1] at 18, 96 S.Ct. 2413, [at 2422], 49 L.Ed.2d 276 [ (1976) ].

■ The Court is persuaded that the *Kroger* test precludes the Court from exercising pendent jurisdiction in this action. The reasons for this decision rest primarily in the nature and history of Title VII. Congress has provided for specific equitable relief in Title VII actions, and has expressed its desire that these matters be resolved as expeditiously as possible. Furthermore, Title VII actions are tried to the Court. It is evident to this Court that the exercise of pendent jurisdiction would impair the statutory scheme so carefully constructed by Congress in Title VII. These considerations, as well as others, have been examined thoroughly in the case law. *See Mongeon v. Shellcraft Industries, Inc.,* 590 F.Supp. 956 (D.Vt.1984); *Frye v. Pioneer Logging Machinery, Inc.,* 555 F.Supp. 730 (D.S.C.1983).[1]

■ In addition, the Court notes that, even if congressional intent would not be frustrated by the exercise of pendent jurisdiction over state claims in Title VII actions, the Court's power is a discretionary one. *Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218. The Court need not exercise this power if dismissal of the claims will better serve the interests of judicial economy, convenience and fairness to litigants. *Id.* at 726, 86 S.Ct. at 1139. While the damages sought in this action are the same as those available under Title VII, the Court notes that the state claims pressed here introduce a strong possibility of jury confusion, as well as the probability that the state issues will predominate at trial.

Finally, speedy resolution of discrimination suits, a concern of particular importance to Congress in the drafting of Title VII, would be enhanced by trying the Title VII action alone. Accordingly, the Court

---

1. Other judges in this district also have declined to exercise jurisdiction over pendent claims in Title VII actions. *See Haroldson v. Hospitality Systems, Inc.,* 596 F.Supp. 1460 (D.Colo.1984) (Kane, J.); *Anderson v. Silvercreek Development Co.,* No. 84–M–1770, slip op. (D.Colo. Nov. 30, 1984) (Matsch, J.). *Cf. Ritter v. Colorado Interstate Gas Co.,* 593 F.Supp. 1279 (D.Colo.1984) (Carrigan, J.); *Borumka v. Rocky Mountain Hospital and Medical Service,* 599 F.Supp. 857 (D.Colo.1984) (Moore, J.) (ADEA cases).

will not assume pendent jurisdiction over these two state law claims.

Having concluded that the exercise of pendent jurisdiction is inappropriate in this case, the Court does not reach the question of whether the state claims for relief are properly stated. Therefore, it is

ORDERED that defendant's Motion to Dismiss is granted. It is

FURTHER ORDERED that plaintiff's second and third claims for relief are hereby dismissed with prejudice as to litigation in this forum, but without prejudice as to litigation in state court.