**Willard M. MASON**

v.

**RICHMOND MOTOR CO., INC., et al.**

Civ. A. No. 85–0808–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 8, 1986.

884

Everette G. Allen, Jr., John W. Vaughan, Jr., Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for plaintiff.

Henry M. Massie, Jr., Robert B. Delano, Jr., Sands, Anderson, Marks & Miller, Richmond, Va., for defendants.

## OPINION AND ORDER

WARRINER, District Judge.

Presently under consideration by this Court is the question of whether the Court should exercise pendent jurisdiction over the claims asserted by plaintiff under Virginia law in this action brought under the Age Discrimination In Employment Act, 29 U.S.C. § 621 et seq. (hereinafter "the ADEA").

On 17 October 1985 plaintiff filed his complaint. The first two counts of plaintiff's complaint allege that plaintiff was discharged by his employer, defendant Richmond Motor Co., solely because of his age and thus in violation of the ADEA. Under Counts I and II, plaintiff alleges that the Court's jurisdiction is derived from the ADEA and plaintiff seeks to recover his actual and liquidated damages as provided for by that legislation.

Count III of plaintiff's complaint alleges that plaintiff had an oral contract with Richmond Ford by which he was promised that he would "always" have a position with Richmond Ford and that he would enjoy certain promotions if he continued to work for Richmond Ford. Plaintiff alleges that when defendants fired him they violated this oral contract and that plaintiff suffered injury by detrimentally relying upon the oral contract.

Count IV of the complaint alleges "willful and tortious misconduct on the part of the defendants in violation of a duty owed the plaintiff of continued employment" and essentially sounds as a violation of the "duty of fair dealing." Plaintiff alleges that this Court has jurisdiction over Counts III and IV by means of "ancillary jurisdiction," which I interpret as asserting that the Court has pendent jurisdiction over the claims in Counts III and IV.

### I

The law presently in force with regard to pendent jurisdiction was enunciated almost twenty years ago by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In that case, the Supreme Court held that in order for pendent jurisdiction to exist:

The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a

plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to hear the whole.

Id. at 725, 86 S.Ct. at 1138 (footnote omitted).

■ The question of whether a court has the power to hear claims arising under pendent jurisdiction is an issue precedent to and distinct from the second question—whether the Court, in its discretion, should exercise that power. The Supreme Court in *United Mine Workers v. Gibbs* held that:

[The] power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.

Id. at 726, 86 S.Ct. at 1139 (footnote and citation omitted). Thus the analysis a court must follow in determining whether to hear pendent State claims is two-fold: First, the court must determine whether it has the jurisdiction, *i.e.*, the power, to hear the claim; second, the court must determine whether in its discretion it should hear pendent State claims which it in law has the power to hear.

## II

■ With respect to the question of whether this Court has power to exercise pendent jurisdiction over plaintiff's State claims, plaintiff quotes from *Gibbs* and then states that: "In this case, the operative facts for all counts are drawn from the same nucleus of facts—the wrongful discharge of Willard Mason solely because of age and without cause." (Plaintiff's Brief in Opposition at p. 6). Plaintiff then proceeds to argue that considerations of comity, jury confusion, judicial economy and convenience, and fairness to the litigants all indicate that the Court should, in its discretion, exercise jurisdiction over the pendent State claims found in Counts III and IV of plaintiff's complaint.

Defendant, on the other hand, does not address the question of whether this Court has the power to hear plaintiff's pendent State claims, but immediately proceeds to argue that this Court should decline, as a discretionary matter, to exercise jurisdiction over those claims. Defendant cites three cases in support of its assertion that this Court should decline to exercise pendent jurisdiction over plaintiff's State claims: *Chavez v. Guaranty Bank & Trust Co.*, 607 F.Supp. 484 (D.Col.1985); *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279 (D.Col.1984); and *Lettich v. Kenway*, 590 F.Supp. 1225 (D.Mass.1984). In each of those cases the district court found that it had the power to hear the plaintiff's State claims. In each the judge exercised his discretion to decline.

In *Chavez*, a Title VII employment discrimination action, the court apparently assumed that a common nucleus of operative fact existed because the federal and State claims both were centered on the single incident of the plaintiff's being fired. *Chavez*, 607 F.Supp. at 484–85. The Court therefore found that it had power to hear the pendent State claims but in the exercise of its discretion declined to do so. *Id.* at 485–86.

Similarly, in *Lettich v. Kenway*, 590 F.Supp. 1225, an ADEA case, Chief Judge Caffrey apparently found that a "common nucleus of operative facts" was present in light of the fact that the event that gave rise both to the federal claim and the State claim was the firing of the plaintiff. *See* 590 F.Supp. at 1226. As did the district judge in *Chavez*, Chief Judge Caffrey nevertheless declined to exercise pendent jurisdiction over the State claims asserted by the plaintiff. *Id.* at 1226–28.

In the third case cited by defendant, *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279, the district court was faced with an action brought under the ADEA in which the plaintiff sought to have the Court exercise jurisdiction over related pendent State claims. The Court in *Ritter* did not assume that it had jurisdiction simply because the ADEA claim and the pendent

State claims all arose from plaintiff's firing. Nevertheless, the Court did find that it had the power to hear the pendent State claims. The Court noted that: "[a] loose factual connection between the [federal and State] claims has generally been held sufficient to satisfy" the requirement that the federal and State claims arise out of a "common nucleus of operative fact." *Id.* at 1281. The judge proceeded to present the jurisdictional questions that arise in a case such as that presently before the Court:

> All three claims here joined arise from [defendant's] termination of the plaintiff's employment. Evidence of the parties' conduct at the time of the termination, the plaintiff's job performance, and the company's motivation for discharging him would have to be introduced to prove each of the claims. But the contract claims would require evidence not needed to prove the ADEA claim—such as proof of the existence and terms of the alleged ... oral agreement. The "common nucleus of operative facts" test, however, does not require that the facts giving rise to the state and federal claims be identical. In my view, the pendent contract claims meet the second *Gibbs* test. Accordingly, this Court is empowered by Article III of the United States Constitution to exercise jurisdiction over the pendent state claims.

*Id.* Again, the district judge in *Ritter* declined to exercise the power which he discerned. *Id.* at 1281–85.

Judge Hamilton of the District of South Carolina has interpreted the *Gibbs* test in a manner very similar to that set forth by Judge Carrigan in *Ritter.* In *Frye v. Pioneer Logging Machinery, Inc.,* 555 F.Supp. 730 (D.S.C.1983), a Title VII action, Judge Hamilton stated that:

> The better rule ... and the view of the Fourth Circuit, appears to require only a loose factual connection between the claims to satisfy the requirement that they arise from a common nucleus of operative fact. Only when the state law claim is totally different from the federal claim is there no power to hear the state claim. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction,* § 3567 pp. 445–47; *Webb v. Bladen,* 480 F.2d 306 (4th Cir.1973); *Cf. Hales v. Winn-Dixie Stores, Inc.,* 500 F.2d 836, 848 (4th Cir.1974) ...

*Frye,* 555 F.Supp. at 732.

I have read each one of the above mentioned cases carefully. I think the respective judges have misread *Gibbs.* In so doing they have expanded federal jurisdiction beyond the *Gibbs* limit. Only Congress is empowered to expand the jurisdiction of the district courts. U.S. Const. art. III, § 1. Accordingly, I must decline to follow the judges' lead. In particular, I must take exception to the concept that only a "loose factual connection" between the federal and State claims is required to empower the federal court to exercise pendent jurisdiction. A fortiori, I wholly disagree with Judge Hamilton that jurisdiction exists in such cases unless the facts in the State and federal claims are "totally different." I think that a plain reading of the language in *United Mine Workers v. Gibbs* illustrates why such an interpretation is fallacious. I also think that this progression from "common nucleus" to "totally different" is a paradigm of judicial lawmaking.

The Supreme Court in *Gibbs* held that for pendent jurisdiction over a State claim to be exercised by a federal court, the asserted federal claim must be "sufficient to confer subject matter jurisdiction on the Court." 383 U.S. at 725, 86 S.Ct. at 1138. The Court then went on to hold that: "The state and federal claims must derive from a common nucleus of operative fact." *Id.* This sentence is not a statement that the State and federal claims must have some common facts or that the two claims must arise from the same incident. The Court requires a "common *nucleus* of *operative* fact." My understanding of the word "nucleus" is that it refers to something at the heart or center of the subject in question, not to a matter that is peripheral or tangential, not within the penumbra but in the

umbra. A "loose connection" and a "common nucleus" simply aren't synonymous. They aren't even similar. They are closer to antonyms than to synonyms.

Not only must the facts be at the *nucleus* of both State and federal claims, the facts common to each case must be the *operative* facts. Mere commonality of facts is insufficient. Even commonality at the nucleus is insufficient. The facts which operate to give rise to the federal claim must be the facts which operate to give rise to the State claim. The word "operative" as used in *Gibbs* makes sense, and is given meaning, only when so construed. Furthermore, the Supreme Court held in *Gibbs* that the claims *must* derive from a common nucleus of operative fact, not that they *may* do so.

Had the Court in *Gibbs* stood on that mandate, without further explanation, the limitation on a federal court's jurisdiction to hear pendent State claims would be relatively well-defined. The Court, however, added the following sentence:

> But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to hear the whole.

*Id.* One could read the introductory phrase "But if" as a qualification or even an avoidance of the requirement that the State and federal claims derive from a common nucleus of operative fact. To do so would be to eviscerate the requirement. Indeed, the mandate would be wholly subsumed by the qualification. Such an interpretation would be inconsistent with common sense. Allowing the exception to swallow the rule makes stating the rule pointless.

I cannot, and do not, assume that those who interpret our laws are devoid of common sense. I must therefore read the phrase "but if" as introducing an additional

requirement for the existence of pendent jurisdiction and not as a qualification or diminution of the jurisdictional prerequisites.[1] To interpret *Gibbs* otherwise would be to allow a federal court to exercise jurisdiction over pendent claims any time that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." Fed.R.Civ.P. 18 indicates that one may "ordinarily be expected" to try in one suit "as many claims ... as he has...." Thus, if the second sentence be not read within the constraints of the first sentence there is *no* limit on pendent jurisdiction.

My reading of *Gibbs* not only comports with the language of the decision, it also is consistent with basic principles of federal jurisdiction. Federal courts are courts of limited jurisdiction and cannot usurp State claims from State courts unless empowered to do so under the Constitution by Congress. The conclusion that a federal court has the power to hear and decide any State claim is not one that should be reached lightly or routinely, for to do so would be to violate a tenet of our federal system.

My understanding of *United Mine Workers v. Gibbs*, then, precludes any interpretation that permits a federal court to exercise its pendent jurisdiction based upon a "loose factual connection" between the federal and State claims. *See, e.g., Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. at 1281; *Frye v. Pioneer Logging Machinery, Inc.*, 555 F.Supp. at 732. It is not the rule that pendent jurisdiction exists in every case except in those rare instances where the facts are "totally different," as *Frye* would have it. Justice Brennan is not tongue-tied. If he had wanted to say "loose connection" he would not have said "common nucleus of operative fact."

Applying *United Mine Workers v. Gibbs* to the case presently before me, then, I must conclude that I do not have jurisdiction to hear plaintiff's pendent State claims because there is no "common nucleus of

---

1. The requirement of a "common nucleus of operative fact" is mandatory as is indicated by the use of the word "must." But even so, the claims asserted should "ordinarily be expected" to be tried in one judicial proceeding in order for a federal court to have the *"power"* to try the State claim. This is my synthesis of the paragraph.

operative facts" shared by plaintiff's ADEA claims and his breach of employment contract and tort claims.

Only one fact is common to both the federal and the State claims; and that is that plaintiff was fired by his employer, Richmond Motor Co. That fact must be proven by plaintiff both under the ADEA claim and under the State common law claims. With respect to his ADEA claim, plaintiff must also prove that he is at least forty but less than seventy years of age; that he was discharged because of his age; that a younger man was appointed to the position formerly held by plaintiff; and that plaintiff has complied with the administrative exhaustion requirements of 29 U.S.C. § 626(d). Each of these facts is irrelevant, or at least immaterial, to plaintiff's successfully proving his State breach of employment contract and tort claims.

Conversely, with respect to his State claims, plaintiff must prove, *inter alia,* that plaintiff had a contract of employment with defendant; that during the course of his employment various promises were made to plaintiff; that these promises either created an oral contract or that plaintiff detrimentally relied upon those promises or actions; that defendant failed to deal "fairly" with plaintiff; and that the

agreement between plaintiff and defendant was not terminable at the will of defendant. None of these facts is material to proof of plaintiff's ADEA claim.

In an ADEA case very similar to the one at hand, District Judge Richard C. Erwin refused to exercise pendent jurisdiction, noting that:

> The plaintiff has not alleged that his employment contract was breached because of his age; rather, his state and federal claims "present entirely different elements of proof and theories of recovery."

*Sanders v. Duke University,* 538 F.Supp. 1143, 1148 (M.D.N.C.1982) (*quoting Wilder v. Irvin,* 423 F.Supp. 639, 642 (N.D.Ga. 1976)). I agree with Judge Erwin's formulation.

Plaintiff's State and federal claims in this case "present entirely different elements of proof and theories of recovery." Stated differently, plaintiff's claims fail to depend upon a "common nucleus of operative facts." The fact that plaintiff was fired is unquestionably at the heart, or nucleus, of both his federal and his State claims and it certainly is an operative fact, but otherwise the facts needed to be developed to prove his respective claims are distinct from each other.[2] I therefore find

---

**2.** The significance of divergent elements of proof with respect to determination of whether there is a "common nucleus of operative facts" is borne out by the cases cited by Judge Hamilton in *Frye v. Pioneer Logging Machinery, Inc., supra,* in support of his understanding of the "view of the Fourth Circuit." 555 F.Supp. at 732.

In the first case cited by Judge Hamilton, *Webb v. Bladen,* 480 F.2d 306 (4th Cir.1973), the plaintiff, a subcontractor, asserted that the defendant union had pressured two general contractors to cease employing the plaintiff. The plaintiff alleged a federal claim for violation of the federal antitrust laws, and four pendent State claims: violation of the State antitrust laws; a State common law action for restraint of trade; tortious interference with contract; and violation of the State "right-to-work" law. *See* 480 F.2d at 308. The Fourth Circuit reversed the district court's dismissal of plaintiff's pendent claims, holding that the federal court was empowered to hear the pendent claims, even though the federal claim was properly dismissed and the State claims were brought on

legal theories different from that advanced with respect to the federal claim. 480 F.2d at 309–10. Significantly, however, in *Webb* the *facts* plaintiff was required to prove to make out a prima facie case for his federal claim were *identical* to those required to be proved with respect to his State claims: that the union had approached the general contractors and had pressured them to terminate their contracts with the plaintiff.

In the second case cited by Judge Hamilton, *Hales v. Winn-Dixie Stores, Inc.,* 500 F.2d 836 (4th Cir.1974), the Fourth Circuit held that the district court was *not* empowered to hear plaintiff's pendent claim because the claims asserted by plaintiff under both counts in the complaint were "separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count." *Id.* at 848. In *Hales,* the facts plaintiff had to prove with respect to his properly asserted federal claim were, as here, different from those required to prove the pendent claim. The Fourth Circuit therefore held that the two

that this Court does not have jurisdiction to entertain plaintiff's pendent State claims set out in Counts III and IV of plaintiff's complaint.

### III

■ When a court determines that it lacks jurisdiction the only function that remains is to shut up. But in deference to learned judges who I respect, I think it only prudent to acknowledge that their understanding of pendent jurisdiction may be correct and mine incorrect. On this assumption I will examine the discretionary aspects of pendent claims.

Even assuming that this Court did have the power to hear plaintiff's pendent claims, I would decline to do so as a matter of discretion. The United States Supreme Court in *United Mine Workers v. Gibbs* identified four factors which may be considered by a federal court in determining whether to dismiss pendent State claims within the court's jurisdiction. A federal court should exercise its discretion to dismiss pendent State claims 1) when "considerations of judicial economy, convenience and fairness to litigants" are not present; 2) when needless decisions of State law might be made by the federal court and "a surer-footed reading of applicable law" would be made in the State court; 3) when "it appears that the State issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," and the State claim is not closely tied to questions of federal policy; and 4) when there are reasons that are "independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief." *United Mine Workers v. Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139.

The second *Gibbs* factor—a surer-footed reading of State law in State court—is determinative in this case. Plaintiff's third count asserts that he is entitled to recover for breach of an oral contract based upon promises allegedly made to him by defendant King, an alleged agent of defendant Richmond Ford. Count IV of plaintiff's complaint alleges breach of an implied covenant of fair dealing and willful and tortious misconduct as a result of a violation of the employment agreement asserted in Count III. No Virginia court has yet recognized either of these claims for relief so far as I know, nor has any Virginia court ruled, so far as I know, that such relief is in all cases unavailable.

Virginia has long followed the "at will" employment doctrine, which holds that:

> [W]here no specific time is fixed for the duration of employment, it is presumed to be an employment terminable at will, providing a dismissed employee no basis for recovery of damages against his erstwhile employer. *Hoffman Co. v. Pelouze*, 158 Va. 586, 164 S.E. 397 (1932). We said, however, that "this presumption ... is rebuttable." *Id* at 594, 164 S.E. at 399.

*Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647, 650 (1982). My research has discovered no case that would indicate that the Virginia Supreme Court has decided to depart from this general rule. But it must be noted that the general rule is not stated in absolute terms.

Quite a few other courts have repudiated the "at will" employment doctrine for their States, finding that a claim for damages may arise where representations have been made to employees that they could keep their jobs as long as they performed satisfactorily. An early departure from the established law in this area was *Toussaint v.*

---

counts did not arise from a "common nucleus of operative facts." *Id.* at 847–48.

It is apparent, then, that far from demonstrating that the Fourth Circuit requires "only a loose factual connection between the claims to satisfy the requirement that they arise from a common nucleus of operative fact," *see Frye v. Pioneer Logging Machinery, Inc.,* 555 F.Supp. at

732, the two cases discussed above and cited by Judge Hamilton in *Frye* envision a close factual connection between the claims. Indeed, it could be argued that they require that the facts sought to be proven in the federal and State claims be substantially identical. At the least they require that there be "a common nucleus of operative fact."

*Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980), where the Supreme Court of Michigan held that:

> When a prospective employee inquires about job security and the employer agrees that the employee shall be employed as long as he does the job, a fair construction is that the employer has agreed to give up his right to discharge at will without assigning cause and may discharge only for cause (good or just cause). The result is that the employee, if discharged without good or just cause, may maintain an action for wrongful discharge.

408 Mich. at 610, 292 N.W.2d at 890. Numerous courts have followed the Michigan Supreme Court's ruling in *Toussaint, see Brooks v. Trans World Airlines, Inc.,* 574 F.Supp. 805, 809 n. 1 (D.Col.1983) (listing courts), while numerous others have explicitly declined to do so, *see id.* at 809 n. 2 (listing courts).

Similarly, plaintiff's claim under Count IV of the complaint, based on a violation of an implied covenant of good faith and fair dealing, is not one that has been recognized or negated by the Virginia legislature or by the Virginia Supreme Court, so far as I am advised. Other courts have recognized such a cause of action. *See, e.g., Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980); *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549 (1974); *Fortune v. National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251 (1977). A Virginia judge would have a much firmer grasp of the state of Virginia law in this evolving area.

In *Ritter v. Colorado Interstate Gas Co.,* Judge Carrigan declined to exercise jurisdiction over State claims identical to those asserted here by plaintiff in Counts III and IV. 593 F.Supp. at 1284–85. Judge Carrigan succinctly stated the problem presented this Court by plaintiff's pendent State claims:

> Plaintiff, through his pendent state claims, is not asking this Court to apply current [State] law but to expand [State] law in the direction of increased employee rights.

*Id.* at 1285. I should think in such an expansion in Virginia would be the work of the General Assembly. Perhaps, the State courts are the proper arena for these policy decisions. Surely a federal judge has no business making such a decision for the people of the Commonwealth.

The split among the State courts that have considered the questions here presented demonstrates that State judges, if they feel a legislative vocation, may decide to alter the law in their respective States. But I would exercise discretion under the *Gibbs* criterion and leave these problematic questions of State law to State law judges or to the citizens' elected representatives.

I repeat. Counts III and IV will be dismissed because I believe I lack jurisdiction. If on the other hand Judge Hamilton has better discerned the law, then Counts III and IV will be dismissed as a matter of discretion.

Accordingly, Counts III and IV of plaintiff's complaint are hereby DISMISSED.

And it is so ORDERED.