## CIRCUIT COURT OF THE CITY OF RICHMOND

Willard Mason

v.

Richmond Motor Co., Inc., et al.

May 26, 1988

Case No. LL-2073

By JUDGE T. J. MARKOW

Presently under consideration by this court is the question of whether a breach of contract claim asserted by the plaintiff should be dismissed because the substance of plaintiff's claim is precluded by the doctrines of *res judicata* and collateral estoppel.

On October 17, 1985, plaintiff filed a complaint in federal district court. In that case, the first two counts of that complaint alleged that plaintiff was discharged by his employer, the defendant Richmond Motor Company (Richmond Ford), solely because of his age, in violation of the Age Discrimination Employment Act.

Count III of plaintiff's federal complaint alleged that plaintiff had an oral contract with Richmond Ford by which he was promised that he would "always" have a position with Richmond Ford and that he would enjoy certain promotions if he continued to work for Richmond Ford. Plaintiff alleged that when defendants fired him, they violated this oral contract and that plaintiff suffered injury by detrimentally relying upon the oral contract.

The primary pre-trial issue in the federal litigation was whether the district court had power to exercise pendent jurisdiction over Mason's state claims, and if the court

did have that power to hear state claims, whether those claims could be dismissed as a matter of discretion. In *Mason v. Richmond Motor Co., Inc.*, 625 F. Supp. 883 (E.D. Va. 1986), Judge Warriner concluded that even if the federal district court had power to hear Mason's pendent state claims for breach of the employment contract brought under the ADEA, those claims should be dismissed as a matter of discretion, since the availability of those claims had not been determined under state law. Plaintiff did not appeal that decision.

Following a full trial on the merits of plaintiff's federal age discrimination suit, the jury rendered a decision in favor of the defendants. Such a verdict necessarily concluded that Mason had been discharged from his employment with Richmond Ford, not because of his age, but for some other "legitimate business reason."

Shortly thereafter, plaintiff filed this breach of contract suit, the motion for judgment being in all respects identical to the federal complaint, except that instead of pleading that the termination was "solely because of his age," plaintiff's state court pleading substituted that he was discharged "without good cause." Defendant demurred, claiming that all that was alleged was a verbal, terminable at-will employment contract which is unenforceable under the statute of frauds as not being performable within one year. Defendants counterclaimed against Mason for abuse of process claiming that the instant suit is barred by the doctrine of collateral estoppel.

Although plaintiff's motion for judgment makes it clear that this claim is not based on a "for cause" employment relationship, the court finds it unthinkable that an employment situation could exist in perpetuity, without any implied condition that the employee perform satisfactorily or that he comply with basic standards of conduct and performance, unless such terms were explicitly incorporated in the agreement.

Other courts have been troubled by the notion that one could possess a contract right to permanent or lifetime employment with no corresponding duty to conform to rules or expectations. In *Louisville & N. R. Co. v. Cox*, 145 Ky. 667, 141 S.W. 389 (1911), the defendant, in consideration for a release from a claim for personal injuries

sustained, agreed to pay plaintiff $500.00 and to re-employ plaintiff "permanently" as a switch tender. The court stated that if the contract was that the plaintiff were to "always" be a switch tender, it was necessarily implied that this was to continue only as long as the railroad was in business and so long as the plaintiff was willing and able to render these services properly. The court held that it was also implied that the plaintiff was to stand as any other servant, and would be discharged for cause if he did not properly perform the duties or conform to rules of the company. It was unnecessary to specify these terms to have them included in the contract, for what is necessarily implied need not be expressed. This is sound reasoning, for it is not the duration or certainty of Mason's oral contract that is problematic, but the fact that this agreement is said to be unconditional and not subject to implied provisions that would permit his discharge for valid business reasons, *i.e.*, for cause.

The precise issue is whether Mason's claim of age discrimination and the entry of judgment against him in federal court operates to bar this breach of contract action now brought in the state court under the doctrines of *res judicata*/collateral estoppel.

In this case, where there are two successive suits seeking recovery for the same alleged injury, *i.e.*, Mason's discharge from Richmond Ford, the judgment on the merits in defendants' favor on the age discrimination issues operates as a complete bar to the instant breach of contract action.

Courts facing similar issues have sustained the position taken by defendants herein in a wide variety of circumstances. In *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir. 1978), the appellate court ruled that the dismissal of the former employee's age discrimination action barred his later action in state court alleging breach of his employment contract. The reasoning of the Sixth Circuit in *Cemer* was that even though the employee advanced a different theory in the second suit, the latter action would be barred because the employee was still trying to remedy a single alleged wrong. 583 F.2d at 832. *United States v. California & Oregon Land Co.*, 192 U.S. 355, 24 S. Ct. 266, 48 L. Ed. 476 (1904), 566 F.2d 798 (6th Cir. 1977).

Under the logic of *Cemer*, Mason's instant state court litigation should be precluded by the earlier judgment in favor of all defendants in the federal age discrimination case since Mason is merely attempting to relitigate the same alleged injury and damage, *i.e.*, his termination from Richmond Ford.

In the federal age discrimination trial, Mason was required to produce enough evidence for the jury to infer a reasonable probability that "but for" Mason's age, he would not have been terminated by Richmond Ford. *See E.E.O.C. v. Western Electric Co.*, 713 F.2d 1011 (4th Cir. 1983); *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230 (4th Cir. 1982). Under the well-established *McDonnell-Douglas*[1] proof scheme, Mason was entitled to a rebuttable presumption that the defendants unlawfully discriminated against him due to his age once he proved the following:

1) that he was over the age of 40;
2) that he was discharged;
3) that when he was discharged, Mason was performing his job at a level that met his employer's legitimate expectations; and
4) that following his discharge, Mason was replaced with someone of comparable classification younger than he.

*E.E.O.C. v. Western Electric Co.*, 713 F.2d at 1014. After proving these four requirements, Mason was entitled to the age discrimination presumption. The burden of proof then shifted to the defendants to prove that their termination of Mason was taken for a legitimate, non-discriminatory reason. *Id.* However, the defendants were not required to prove the absence of any discriminatory motive, only some legitimate reason for Mason's discharge. "A discharge for legitimate reason" is equivalent to discharging an employee "for good cause."

A review of the testimony at the federal jury trial demonstrates that defendants produced a wealth of evidence that Mason was fired for legitimate, non-discriminatory

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Comm. v. Burdine, 450 U.S. 248 (1981).

reasons. Indeed, assuming that Mason was entitled to not be discharged except for "good cause," the finding of the federal court jury certainly is conclusive that defendants had sufficient legitimate, non-discriminatory reasons, *i.e.*, "good cause," to terminate Mason.

For these reasons, the court must dismiss Mason's motion for judgment with prejudice. Mason's attempt to bring this suit does not amount to an abuse of process, and the court will, therefore, also dismiss defendant's counterclaim against him.