**Nathaniel A. OLUWU, Plaintiff,**

v.

**CHEVRON U.S.A., INC., Defendant.**

**Civ. A. No. 90–S–1119.**

United States District Court,
D. Colorado.

Dec. 4, 1990.

Darrell Elliott, John Stewart and Xavier S.L. Duran, Denver, Colo., for plaintiff.

Gregory Eurich and Brian Mumaugh, Holland & Hart, Denver, Colo., G. Alan Kramer, Legal Counsel Chevron Companies, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Defendant Chevron's Motion to Dismiss Claims under 42 U.S.C. Section 1981. The Court has reviewed the motion, the briefs, the applicable law, has heard limited oral argument from counsel during the Rule 16 conference held November 27, 1990, and is fully advised in the premises.

In his Amended Complaint, Plaintiff alleges that Chevron engaged in a continuous course of discrimination and harassment in the terms and conditions of his employment and ultimately discharged him because of his race (See First and Sixth Claims for Relief). Defendant argues in its Motion to Dismiss that, pursuant to the U.S. Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Court lacks subject matter jurisdiction over Plaintiff's claims for racial harassment and discriminatory discharge brought under 42 U.S.C. Section 1981.

In *Patterson*, the Supreme Court drastically narrowed the applicability of Section 1981 to claims of employment discrimination. The Civil Rights Act of 1866, 42 U.S.C. Section 1981 provides in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws ... as is enjoyed by white citizens ...

The Court in *Patterson* held that claims of racial harassment relating to employment are not actionable under Section 1981 because Section 1981 by its terms protects only two enumerated rights: the right to make contracts and the right to enforce contracts. Under that rationale, Section 1981 protection of the right to make contracts does not apply to conduct occurring after the formation of a contract. The Court also narrowly interpreted the right to enforce contracts. That right protects an individual's access to the legal process to resolve contract claims. However, it does not "extend beyond conduct by an employer which impairs an employee's ability to enforce through legal means his or her established contract rights." *Patterson*, 109 S.Ct. at 2373.

The Tenth Circuit has not yet decided whether discriminatory discharge claims are still actionable under Section 1981 after *Patterson*. *See Hill v. Goodyear*, 918 F.2d 877 (10th Cir.1990); *Jackson v. City of Albuquerque*, 890 F.2d 225, 236 n. 15 (10th Cir.1989); *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1267 (10th Cir.1989).

But other circuits have found that discharge claims are not actionable under Section 1981 after *Patterson*. *See Gonzalez v. Home Ins. Co.*, 909 F.2d 716 (2d Cir. 1990) (allegation of discriminatory quotas, discriminatory restrictions, and discriminatory harassment after agreement was en-

tered into failed to state a claim under Section 1981 because there was no linking of the alleged discrimination to the making of the contract rather than to postformation performance); *McKnight v. General Motors Corp.*, 908 F.2d 104 (7th Cir.1990) (alleged discriminatory discharge did not implicate employee's right to make or enforce contract and, therefore, was not actionable under Section 1981); *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845 (9th Cir.1990) (allegation that employer harassed and discharged employee because of his race was not actionable under Section 1981); *Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805 (5th Cir.1990) (racially discriminatory termination was not actionable under Section 1981 as it involved neither the formation of a contract nor the opportunity to enter into a new contract).

Plaintiff cites two cases from the U.S. District Court for the District of Colorado in support for his position that the issue of discriminatory discharge goes to the very existence and nature of the employment contract and thus falls within the protection of Section 1981. However, there are other cases in this District that have held that racially motivated on-the-job harassment and termination from employment are beyond the scope of Section 1981 as construed in *Patterson*. *See Jiminez v. Lancaster Colony Corp.*, No 86–M–2482 (D.Colo.1989) (Matsch, J.); *Malekian v. Pottery Club of Aurora, Inc.*, 724 F.Supp. 1279 (D.Colo.1989); *Rivera v. AT & T Information Systems, Inc.*, 719 F.Supp. 962 (D.Colo.1989).

■ In this Court's view, this case is controlled by *Patterson*. The conduct which Plaintiff alleges as racial harassment and discriminatory discharge is postformation conduct by the employer relating to the terms and conditions of continuing employment. This type of conduct is not actionable under Section 1981 because Section 1981 "prohibits discrimination only in the making and enforcement of contracts." *Patterson*, 109 S.Ct. at 2372.

■ Finally, the Court, in its discretion, declines to exercise pendent jurisdiction over Plaintiff's state law claims. Because Title VII claims are tried to the Court and the state law claims would be tried to a jury, consideration of the state law claims in conjunction with Plaintiff's Title VII claim could easily lead to jury confusion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Moreover, consideration of the state law claims would interfere with the purpose of Title VII and the remedies provided for by Title VII. *Chavez v. Guaranty Bank and Trust Company*, 607 F.Supp. 484 (D.Colo.1985).

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Claims under Section 1981 is GRANTED and Plaintiff's claims under Section 1981 are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's pendent claims for outrageous conduct, negligence, and punitive damages are DISMISSED.